POLK'S ADMINISTRATOR, Respondent, *vs.* ALLEN, Appellant.

1. In an action for the conversion of a slave, the measure of damages is the value with interest. The plaintiff cannot recover the value of the hire by way of damages.

2. A gift or bequest of a chattel to husband and wife vests the entire property in the husband.

3. The statute of limitations only commences running against an administrator from the date of his letters.

4. If a slave is gratuitously left with a party, no damages are recoverable until a demand.

*Appeal from Mississippi Circuit Court.*

Action to recover damages for the conversion of a slave. The defendant answered that he held the slave as administrator of Mary T. Griffin. The court who tried the cause, sitting as a jury, found that Polk, the plaintiff's intestate, died in 1838, and bequeathed the slave to Samuel Y. Griffin and Mary T., his wife, by his last will; that the slave was by Polk, before his death, placed in the possession of Griffin, and remained in Griffin's possession until he died, and afterwards in the possession of his wife until she died, in 1848, when the slave was taken into possession by the defendant, as her administrator; and that letters of administration on Polk's estate were granted in 1850. A demand for the slave was also found. Upon these facts, the court below declared that the plaintiff was entitled to recover the slave, together with his hire, and gave judgment accordingly, from which the defendant appealed. A motion was made in this court to strike out the bill of exceptions, because it was not signed until the next term after the cause was tried.

*Glover & Richardson*, for appellant. 1. The evidence showed a gift to Griffin by Polk during his life-time. 2. If, however, there was no such gift, the plaintiff could not recover, because the possession of Griffin and his claim of title having commenced before Polk's death, the statute of limitations commenced running, and was not stopped by his death. 3.

The court erred in giving judgment for the hire from the date of plaintiff's letters, when the evidence did not show the date of the demand.

*T. Polk,* for respondent. 1. A legatee cannot take possession of a legacy without the consent of the administrator, and if he does so, the administrator may maintain trover or trespass. Williams on Executors, side paging, 844–5, 1175–6–7–8, 1187, and authorities there cited. 1 Sand. Rep. 279, d 5. 2. The statute of limitations did not begin to run against the plaintiff until the date of his letters.

SCOTT, Judge, delivered the opinion of the court.

This is an action for the recovery of damages for taking a slave. Judgment was given for the return of the slave, and damages equivalent to his hire from the time the plaintiff took out letters of administration on the estate of his intestate.

1. It is clear that the judgment of the court is not warranted by the pleading in the case. Such a judgment as was rendered could only have been given on a procedure in pursuance to the provisions of the 8th article of the present practice act. As the plaintiff went for damages for the conversion of the property, he was only entitled to interest on the assessed value of the slave, and not to damages equivalent to his hire. The action was brought in a form which affirmed the act of the defendant in converting the slave. If he was converted, interest in the way of damages could only be given from the time of the conversion. The allowance of the hire, as damages, was permitting the plaintiff to blow hot and cold with one breath. The slave was converted and the slave was not converted. If the slave had died after action brought, the loss would clearly have been on the defendant. He would have been liable for the value, as the plaintiff had affirmed his act in taking him, and having affirmed it, he had no longer any right to his hire. R. C. 834, sec. 28.

2. Husband and wife cannot be joint tenants or tenants in

common of a chattel. A gift or bequest to the husband and wife would vest the entire property in the husband. On the death of the husband, the property would go to his representatives, and the wife would only be entitled to her dower in it. Whatever may be the construction of the act concerning married women, passed 5th March, 1849, the gift or bequest of the slave here, was long prior to that time.

3. The statute of limitations did not run during the time there was no administration on the estate of Polk. It would only commence running from the grant of letters. *McDonald's Adm'r* v. *Walton*, 2 Mo. Rep. 43.

4. If the slave was gratuitously left with Griffin, no damages are recoverable until a demand was made for him. It will be seen that this judgment is reversed for errors beyond the reach of the bill of exceptions. Judge Ryland concurring, the judgment is reversed and the cause remanded.