JOSEPH REZABEK, JR., Administrator, Respondent, v. MARGARET REZABEK, Appellant.

St. Louis Court of Appeals, February 6, 1917

1. **HUSBAND AND WIFE: Leasehold Property: Action by Husband against Wife for Accounting: Sufficiency of Evidence.** In an action by a husband against his wife, to have her declared a trustee for him as to a one-half interest in a leasehold, and for a judgment against her for one-half of the rents and profits received by her from such leasehold, *held* that findings of fact, upon which a judgment was rendered in favor of the husband for one-half of such rents and profits, were supported by the evidence.

2. ———: **Estate by Entirety: Personal Property.** An estate by the entirety may exist in personal property.

3. ———: **Leasehold: Estate by Entirety.** A lease of real property to a husband and wife during coverture creates an estate by the entirety, so that, upon the death of the husband, the wife has no right of homestead in the leasehold, but takes the same by right of survivorship.

4. ———: **Estate by Entirety: Leasehold: Renewal of Lease: Constructive Trusts.** A lease was made to a husband and wife for a certain period of time, with a provision for a renewal for another like period, and, pursuant to such provision, the lease was renewed. Prior to the expiration of the renewal, the wife applied to the lessor for a new lease in her name alone, falsely stating that her husband was crazed and was unwilling to renew. At this time the husband had a substantial interest in the leasehold, including the right to remove buildings from the demised premises, and, prior to the expiration of the lease, he attempted to renew the same. *Held*, that, in equity, the husband was entitled to the same interest in the new lease as he had in the previous one, namely, an estate by the entirety with his wife.

5. ———: ———: ———: ———: ———: Accounting for Rents. Where a husband and wife held a leasehold estate as tenants by the entirety, and, while they were separated from each other, the wife collected the rents and income therefrom, the husband's personal representative was entitled to recover, in an action for an accounting against the wife, one-half of such rents and income so received by the wife, up to the time of the husband's death.

6. ———: ———: ———: Credit for Expenditures. In an action by an administrator, against the wife of his decedent, for one-half of the rents and profits of an estate by the entirety in a leasehold, collected by her up to the time of the husband's death, *held* that each of the parties should be charged with one-half of an indebtedness they had incurred for the improvement of the leasehold property.

7. ———: ———: ———: Correctness of Accounting. In an action by an administrator, against the wife of his decedent, for one-half of the rents and profits of an estate by the entirety in a leasehold, collected by her up to the time of the husband's death, *held* that the account between the parties was correctly stated by the trial court.

8. **APPELLATE PRACTICE:** Harmless Error: Correct Result. Although the trial court is in error in its conclusions of law, the judgment will nevertheless be affirmed, if it is in favor of the right party and for the correct amount.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Campbell Allison* for appellant.

First. Tenancy by the entirety applies to personal property in the State of Missouri. Johnson v. Johnson, 173 Mo. 91, 113; Ryan v. Ford, 151 Mo. App. 689; Craig v. Bradley, 153 Mo. App. 586. Second. Conveyance of leasehold to husband and wife creates a tenancy in the entirety. Sec. 2878 (Common), Revised Statutes 1909; Sec. 2788 (Entirety), Revised Statutes 1909; Gibson v. Zimmerman, 12 Mo. 385; Shields v. Stillman, 48 Mo. 82; Hull v. Stephen, 65 Mo. 670; Russell v. Russell, 122 Mo. 237; Bain v. Bullock, 129 Mo. 117; Frost v. Frost, 200 Mo. 478. Third. Tenancy by the entirety, each hold *per tout* and not *per my*; each owns all and

neither owns a part; each is entitled to all the rents and profits and neither to a part. Washburn on Real Property (3 Ed.), pp. 553-577; Willard on Real Property, p. 17, sec. 21, p. 178; Russell v. Russell, 122 Mo. 237. Fourth. If an accounting should be decreed as between husband and wife to property held as tenants in the entirety, then equity will decree all the debts which are an equitable lien upon the property, and for which both parties are severally liable, should be paid before one party has judgment against the other for one-half of the rents. Fifth. The allegata and probata must agree. A decree must be responsive to the pleadings. Spindler v. Hyde, 247 Mo. 48; Buck v. Doran, 109 Mo. 51; Cole v. Armour, 154 Mo. 333; McCormick v. Railroad, 154 Mo. 191.

*W. B. & Ford W. Thompson* for respondent.

STATEMENT.—The original parties to this suit were Joseph Rezabek, plaintiff, and Margaret Rezabek, defendant, his wife, but before the final hearing of the case the plaintiff died and the cause was revived in the name of Joseph Rezabek, Jr., administrator of the estate of Joseph Rezabek, deceased.

Plaintiff seeks herein to have the court decree that the defendant, wife of the plaintiff, obtained a certain leasehold on property in the city of St. Louis by fraud, and decree that the defendant, wife, holds said leasehold as trustee for the benefit of plaintiff, and that she account to plaintiff for the rents and profits collected by her under said leasehold, and that the defendant be decreed to deliver up said lease, and that the same be cancelled, and that the maker of the said lease be required to execute a new lease on the premises in question to plaintiff for the term and upon the conditions and stipulations provided in such surrendered lease, and for such other and further relief in the premises as to the court may seem meet and proper.

The answer of the defendant denies that the said lease was obtained by fraud but alleges the fact to be

that the lease was taken in the name of the wife, defendant herein, with the consent of the plaintiff.

The cause was referred to a referee to take the testimony and try all the issues. The referee found, and the finding was sustained by the trial judge, that the plaintiff was entitled to an undivided one-half interest in the said leasehold and the wife was decreed to be trustee for the plaintiff to that extent, and that an accounting of the rents and profits collected by the wife, under this leasehold during the term in question, showed a net balance in favor of the husband, as a holder of a one-half interest in the said leasehold, in the sum of $221, for which said sum, together with costs, a judgment was rendered in favor of the plaintiff and against the defendant.

The defendant filed a motion for rehearing, which was overruled and defendant takes appeal to this court.

Plaintiff and defendant were married in 1873. They lived together peacefully until the year 1901, when, owing to plaintiff's addiction to drink, and other causes not very clearly defined in the evidence, their relationship began to be one of constant disagreement. However, it shows that prior to 1901 they lived pretty much the same as any family in their station of life, the wife receiving the earnings of the husband and children, acting as banker for the family.

In 1876 plaintiff purchased a lease upon which there was an unexpired term of four years and a right of renewal for a further term of ten years. The right of renewal was exercised and thus the leasehold is carried up to May 1, 1891, in the name of the husband, plaintiff below. From time to time out of the earnings of the several members of the family, together with such rents as were collected on the improvements, more improvements were built upon the land held under the leasehold until the value thereof had reached approximately $5700. In 1891, when the term expired, the plaintiff was in Chicago and because of that fact caused defendant to go to the owner of the said land to renew the lease for a further period of ten years. The owner,

plaintiff not being present, caused the renewed lease to be made out in the name of both plaintiff and the defendant and had the wife sign the semi-annual rent notes to cover the rent reserved under the said lease. The husband later on returned to the city and thereupon signed the said semi-annual rent notes which had already been signed by the wife.

This renewed lease covered the period of May 1, 1891 to May 1, 1901, during which period the St. Louis cyclone, in 1896, damaged the improvements on the property and plaintiff and defendant borrowed sums aggregating $1000, which money was used in repairing and rebuilding the improvements. No part of this sum, so borrowed, was paid off up to the date of plaintiff's death, January 28, 1909. During the period 1891 to 1901 the wife collected the rent almost constantly from the tenants and the husband paid little attention thereto. This renewed lease did not provide for any further renewal, but did, however, give plaintiff and defendant the right, at the expiration thereof, to remove the buildings thereon within a stated time thereafter.

From this point on, namely, from the expiration of the said lease in the name of both plaintiff and defendant, which expired in 1901, the plaintiff seeks relief.

It appears that in 1901, a month or so before the expiration of the leasehold held in the name of both husband and wife, the husband had been drinking heavily and assaulted his wife. He was arrested and held in the observation ward in St. Louis for three days, and after his release the parties lived separate and apart.

Thereupon the wife took a new lease on the property in her own name for a period of ten years, commencing immediately at the expiration of the leasehold held in her name and that of her husband.

It is this leasehold, taken in the name of the wife alone, which plaintiff alleges was obtained by fraud and seeks to have the wife held to be holding as trustee for him, and for an accounting of the rents and profits that have been collected by the wife under said leasehold.

BECKER, J., (after stating the facts).—The findings of fact made by the referee, to whom the cause was referred to take the testimony and try all the issues, and which findings were confirmed by the trial court, are sufficiently supported by the evidence, and we therefore allow them to stand. However, we cannot agree with the conclusion of law drawn therefrom by the referee and the trial judge.

The referee's report states:

"I find that in 1891, when the lease was taken in the joint names of plaintiff and defendant, there was no fraud or imposition practiced by the defendant, Margaret Rezabek, and that thereafter when the plaintiff's intestate signed the lease he must have seen his wife's signature attached thereto, and that he thereby ratified her action in taking a lease in the joint name of herself and husband. The lease thus executed contained no provision for renewal, but did provide that said Joseph Rezabek and Margaret Rezabek, their heirs and assigns, are entitled to remove all buildings at the final expiration of this lease; provided, such removal be made within thirty days thereafter. Prior to the expiration of this lease, the defendant, Margaret Rezabek applied for a new lease in her own name, stating that her husband was crazed with drink, and was unwilling to renew the same. By means of such representation, she prevailed upon the Mercantile Trust Company, acting as the agent for George W. Allen, to execute to her a lease dated March 22, 1901, for a term commencing May 1, 1901, and ending April 30, 1911. This lease was made more than a month before the expiration of the lease in the joint names of defendant, Margaret Rezabek, and plaintiff's intestate. Plaintiff's intestate had a substantial interest in the same, including the right to remove the buildings, then located on the premises, which did not expire until May 31, 1901. Prior to the expiration of the lease in the names of plaintiff's intestate and the defendant, Margaret Rezabek, plaintiff's intestate called at the Mercantile Trust Company and sought a renewal

of the lease, and he was then informed that a lease had already been made to his wife.

"I am of the opinion that the relation of joint owners of a leasehold estate is similar to tenants in common of a freehold, and that, where one of the parties acquires rights as against the other and adverse to him, the same inures to the benefit of his cotenant.

"I, therefore, recommend that defendant, Margaret Rezabek, account to plaintiff for one-half of the net rental of the property from the first of May, 1901. . .

"I further recommend that a decree be entered herein, declaring that Margaret Rezabek holds a one-half interest in the leasehold estate as trustee and for the benefit of the plaintiff. And that plaintiff be required to assume one-half of the debt of $1000, which was incurred in repairing the improvements caused by the cyclone in 1896."

The court handed down two written memoranda in the case, one after the referee's report of his finding of facts and an accounting up to April 1, 1906, and the other at the conclusion of the accounting made by the referee for the period from April 1, 1906 to the date of the death of the plaintiff. From these memoranda of the court we quote the portions necessary for an understanding of the questions of law involved in the case:

"Counsel for defendant in this case contended with much earnestness that the lease to Joseph Rezabek and his wife constitutes them tenants by the entirety, and that since Joseph has died the wife holds the entire estate by right of survivorship. If this be granted, it does not by any means follow that the wife, having appropriated the entire income of the estate during the joint lives of herself and husband, may retain the same and not give account to her husband for any part of it. At common law the husband would unquestionably have been entitled to the entire income of this leasehold, and the greatest effect that can be claimed for our Married Woman's Act is, that it would entitle the wife during the joint lives of herself and husband to one-half of the

income of the joint estate, so that, considering the contention made by defendant, and giving the Married Woman's Act the construction most favorable to her, yet the husband was entitled to one-half the income of this leasehold during his lifetime.

"The question of the character of this estate must be considered and determined in this case, as Joseph Rezabek has died, and it is claimed, on behalf of his administrator, that the estate was not, strictly speaking, an estate by the entirety or a joint estate at all, but rather an estate in common, and that, therefore, the doctrine of survivorship did not apply. Can there be an estate by the entirety in personal property? There are many cases which hold that there can be. On the other hand, our Supreme Court has said that there cannot be. [Polk v. Allen, 19 Mo. 467.]

."A leasehold estate, although for some purposes it is considered real estate, as, for instance, the purpose of levying an execution, is essentially personal property. *While I am not entirely clear, I am nevertheless of the opinion that the view of the referee is the correct one, and that the leasehold, which preceded the one taken in the name of the defendant alone, was an estate in common held by her and her husband, and not a joint estate. Therefore, she is trustee for him (or his personal representatives) as to an individual one-half interest in this leasehold.* (Italics ours.)

"The court is of the opinion that the right of homestead attaches not only to an estate which had been held in common but also that it attaches to a leasehold estate; therefore, Mrs. Rezabek was entitled to her possession of this property after her husband's death and, of course, need not account to his estate for the rental value of his half interest therein." (Italics ours.)

The court thus held that the lease covering the period from 1890 to 1901, held in the names of Joseph Rezabek and Margaret Rezabek (husband and wife), plaintiff and defendant herein, was *"an estate in common held by her and her husband, and not a joint estate,"* because *there*

*cannot be an estate by the entirety in personal property in the State of Missouri,* and relies on the case of Polk v. Allen, 19 Mo. 467. Judge SCOTT in that case (decided in 1854) held:

"Husband and wife cannot be joint tenants or tenants in common of a chattel. A gift or bequest to the husband and wife would vest the entire property in the husband. On the death of the husband, the property would go to his representatives, and the wife would only be entitled to her dower in it. Whatever may be the construction of the act concerning married women, passed March 5th, 1849, the gift or bequest of the slave here, was long prior to that time."

While that case sustains the learned trial judge, that there can be no estate by the entirety in personal property, it, at the same time, makes his conclusion drawn from that viewpoint untenable, in that the opinion clearly states that *husband and wife cannot be joint tenants or tenants in common* of a chattel, but that a gift to husband and wife would vest the entire property in the husband. But we find, on examination of the decisions of our Supreme Court, that the Polk case, supra, is no longer the law in this State, and that our courts have since definitely held there can be an estate by the entirety in personal property.

Our Supreme Court, in an exhaustive opinion on this subject, written by Judge MARSHALL, held that *"the sum of the matter, therefore, is that estates by the entirety may be created in Missouri, in personal as well as real property, and between husband and wife as well as between strangers,* but that as to real property a grant or devise to two or more persons will be held to be a tenancy in common, unless by the terms of the grant or devise it is expressly declared to be a joint tenancy, except as to grants or devises to executors, trustees or husband and wife, which are excepted from the operation of the statute, and *that as to personal property the common law has not been changed by statute, except by the Married Woman's Acts which have*

*placed a husband and wife on the same footing in this regard, as any other persons.* That is, the husband's common-law right to the wife's personal property and choses in action is taken away, except as to such as she had, and he had a vested right to reduce to possession, before the passage of the Married Woman's Acts." Citing Lette v. Bank, 115 Mo. 184, 21 S. W. 788; Ib., 141 Mo. 574, 42 S. W. 927. [Johnson v. Johnson, 173 Mo. l. c. 114-115, 73 S. W. 202.]

We are of the opinion, and so hold, that Joseph Rezabek and Margaret Rezabek, his wife, held said lease made in 1891 as tenants by the entirety. [Johnson v. Johnson, supra; Bains v. Bullock, 129 Mo. 117, 31 S. W. 342; Frost v. Frost, 200 Mo. 478, 98 S. W. 527.] And that, in view of the facts found by the referee's report, in equity plaintiff was entitled to the same interest in the new lease, dated March 22, 1901, covering the term commencing May 1, 1901 and ending April 30, 1911— namely, an estate by the entirety with his wife, the defendant. It naturally follows, and we so hold, that the wife had no right of homestead in the said leasehold after the husband's death, January 28, 1909, but that the leasehold became the property of the wife by right of survivorship.

Having decided that the leasehold in question was held by plaintiff and defendant, husband and wife, as tenants by the entirety, it becomes necessary to determine whether the husband; under such circumstances, is entitled to an accounting of the rents and profits from the wife, it being uncontradicted that, for the period of time in question in the instant case, the wife had assumed full control and management of the property covered by the lease and had collected all the rents therefrom.

The Russell case (122 Mo. l. c. 237, 26 S. W. 677) is cited by appellant here in support of the contention that the leasehold being "a tenancy by the entirety each held *per tout* and not *per my*, each owns all and neither owns a part; *each is entitled to all the rents and profits and neither to a part.*" (Last italics ours.)

Appellant is amply sustained as to the several statements of law above quoted excepting as to that portion which, if supported by the said decision, would be decisive here in the case at bar, namely: *"each is entitled to all the rents and profits and neither to a part."* The Russell case, supra, however is silent on that point.

Neither counsel for appellant nor counsel for respondent have cited any case bearing directly on this phase of the case, and our examination has failed to find a case in point in our Missouri decisions. We find, however, that the question has been determined in other jurisdictions.

In Pennsylvania, in the case of McCurdy v. Canning, 64 Pa. St. 39, we find the court takes the view that the rents and profits cannot be disposed of nor changed except by the joint act of both husband and wife.

In New York and New Jersey however, the courts hold that husband and wife can be tenants by the entirety, yet that (Hiles v. Fisher, 144 N. Y., l. c. 315) "the parties become tenants in common or joint tenants of the use, each being entitled to one-half of the rents and profits during the joint lives, with power to each to dispose of or to change his or her moiety during the same period, which seems to be the view taken in Buttlar v. Rossenblath, 42 N. J. 651. We think the rule adopted in New Jersey best reconciles the difficulties surrounding the subject. The estate granted is not thereby changed. It leaves it untouched, with all its common law incidents. It deals with the rents and profits and the use and control of the estate during coverture only, and gives to each party equal right, so long as the question of survivorship is in abeyance, thereby conforming to the intentions of the new legislation to take away the husband's right *jure uxoris,* in his wife's property, and to enable the wife to have and enjoy 'whatever estate she gets by any conveyance made to her or to her and others jointly, and does not enlarge or diminish that estate. The rule in Pennsylvania not only deprives the husband of his common-law right to the enjoyment of the whole rents and profits, but of the

enjoyment of any share thereof, except with the concurrence and permission of the wife.''

Again, as was said in the case of Grossen v. City of Rochester, 148 N. Y., l. c. 237-238:

''When land is conveyed to husband and wife they each become seized of the entirety, and upon the death of either the whole survives to the other. We are aware that, by the common law, the husband before the death of his wife could possess and control the land and take all the profits thereof for his own benefit. [Bertles v. Nunan, 92 N. Y. 152.] This right, however, followed the conveyance and inured to the husband under the general principle of the common law, and was not acquired by reason of the creation of a tenancy by the entirety. So that, when the disability of the wife was removed under the Married Woman's Acts of 1848, and subsequent acts, she was thereafter permitted to have, hold and enjoy whatever estate came to her by devise or conveyance, and the husband's right to the sole occupancy and possession terminated. Thereafter she became entitled to hold, enjoy and possess with him as if she were a tenant in common. [Hiles v. Fisher, 144 N. Y. 306.]''

Quoting from the case of Collins v. Babbitt, 58 Atl. (N. J.) l. c. 485:

''It seems to be well settled that the effect and only effect of the Married Woman's Act of 1852 upon the peculiar estate in land held by a man and his wife under a conveyance to them jointly is to entitle the wife to an equal right with the husband to the usufruct of the land so held during their joint lives. At the common law the husband had the right during his lifetime to the exclusive usufruct of the lands held by him and his wife jointly, as well as of the lands held solely by the wife, but that right was taken away by the statute. The subject was considered by the Court of Appeals in the case of Buttlar v. Rosenblath, 42 N. J. Eq., 651, 9 Atl. 695, 59 Am. Rep. 52. At page 656, 42 N. J. Eq., page 698, 9 Atl., 59 Am. Rep. 52, Judge VAN SYCKEI, speaking for that court, said: 'In virtue of the mar-

ried relation, the husband took possession, and deprived the wife of the enjoyment of her estate or interest in the lands during their joint lives. In my opinion, the object and effect of the Married Woman's Act is to extinguish this right.' And at page 657, 42 N. J. Eq., page 698, 9 Atl. 59 Am. Rep. 52, he says: 'I think, therefore, .that the just construction of this legislation, and the one in harmony with its spirit and general purpose, is that the wife is endowed with the capacity during their joint lives to hold in her possession, as a single female, one-half of the estate in common with her husband, and that the right of survivorship still exists, as at the common law.' ''

We believe the view taken by the New York and New Jersey courts to be more in line with the intent and spirit of our Married Woman's Acts, and we, having already determined that the leasehold should be and is held by plaintiff and defendant in entirety, now hold that plaintiff was entitled to one-half of the rents and profits accruing from the leasehold, and therefore could maintain this action for an accounting thereof.

It is assigned as error that of the sum of $1000, which plaintiff and defendant had borrowed and used for repairs and improvements on the property held under the leasehold in question, the court found plaintiff below was chargeable with $500, and the defendant a like sum; that the referee, in the balancing of the accounts, only gave plaintiff credit for the sum of $500 as being the defendant's portion which he was liable for on the said indebtedness of $1000. Inasmuch as we hold that plaintiff and defendant (husband and wife) are tenants by the entirety in the leasehold, and that therefore, during coverture, each is entitled to one-half of the rents and profits arising therefrom, we find that the debiting of the net rents accruing during the time the wife collected same, in the sum of $1000, as is contended for by appellant, is not tenable, and that the plaintiff was only entitled to the crediting of the net rent account in the sum of $500 to cover defendant's one-half of the $1000 borrowed, which was, in point of fact, done.

We find that the account between plaintiff and de-
fendant is correctly stated up to the time of the death
of plaintiff, after which time the leasehold became the
sole property of the defendant by survivorship.

While the court below was in error in its conclu-
sions of law, the court nevertheless entered a judgment
in the correct amount and in favor of the right party.
The judgment should therefore be affirmed. It is so
ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.