ANDREW N. GROSE ET AL., Appellants, v. WILLIAM EDGAR HOLLAND and MYRTLE WATTS, Trustee of the Estate of WILLIAM EDGAR HOLLAND.—No. 40507.—211 S. W. (2d) 464.

Division Two, April 12, 1948.

Motion for Rehearing or to Transfer to Banc Overruled, May 27, 1948.

Leo J. Harned and George H. Miller for appellants.

*John T. Martin* and *Montgomery, Martin & Salveter* for respondents.

[464] TIPTON, P. J.—The appellants filed their amended petition in the circuit court of Pettis County, Missouri. In count one they seek to be declared the equitable owners of an interest in certain real estate situated in Pettis and Johnson Counties, and in count two of the petition they seek to partition this real estate. The trial

court sustained respondents' motion to dismiss appellants' petition, and from a judgment of dismissal the appellants have duly appealed.

The appellants allege that they are the heirs of Mattie Mollie Holland, deceased; that she and William Edgar Holland were lawfully married; that at the time of the death of Mattie Mollie Holland, she and William Edgar Holland owned certain described real estate in Pettis and Johnson Counties as tenants by the entirety; that on or about April 14, 1944, William Edgar Holland murdered his wife; that he was convicted of this murder and is [465] now serving a life sentence in the state penitentiary; that Myrtle Watts was duly appointed trustee of his estate; that after murdering his wife, he took exclusive possession of the real estate and has collected the profits therefrom and now claims sole and complete ownership of this property; that there were no children born of the aforesaid marriage; that the appellants are the only heirs of Mattie Mollie Holland; that William Edgar Holland, by reason of his murdering his wife, has enriched himself and come into possession and control of the real estate, and in equity and good conscience should not be permitted to profit by his crime; that the appellants are entitled to one-half interest in the real estate; that the marital union by which William Edgar Holland and Mattie Mollie Holland were tenants by the entirety of the real estate was severed by the iniquitous and wrongful act of William Edgar Holland and that he ought not to be allowed to profit by the wrongful act. The prayer of this count is that appellants be declared the equitable owners of one-half interest in the real estate and one-half interest in the profits since April, 1944. The second count of the petition is for partition.

Respondents filed a motion to dismiss for the reason that the petition failed to state a claim upon which any relief can be granted. The grounds of the motion were that if Mattie Mollie Holland came to her death as alleged, then William Edgar Holland became the sole owner and the holder of the full fee simple title thereto. Respondents further stated that to deprive William Edgar Holland of any part of fee simple title to the real estate would be in violation of the provisions of Section 4858, R. S. Mo., 1939, and Section 13 of Article II of our 1875 Constitution.

As previously stated, the trial court sustained respondents' motion for dismissal and dismissed the petition.

The question presented for our determination under the facts in this record is whether a husband who murders his wife may become, as survivor, the sole and unconditional owner of an estate by the entirety so that he may have and enjoy the full benefit thereof.

The respondents to sustain their contention rely upon the following cases: Otto F. Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S. W. 67; Schwind v. O'Halloran, 346 Mo. 486, 142 S. W. 2d 55; Wilson v. Frost, 186 Mo. 311, 85 S. W. 375; Frost v. Frost, 200 Mo.

474, 98 S. W. 527; Garner v. Jones, 52 Mo. 68; Ashbaugh v. Ashbaugh, 273 Mo. 353, 201 S. W. 72; Ahmann v. Kemper, 342 Mo. 944, 119 S. W. 2d 256. The principle of law announced in those cases is well expressed in our early case of Garner v. Jones, supra.

"At common law a conveyance in fee to husband and wife, of real estate, created a tenancy by the entirety. Being but one person in law, they took the estate as one person. Each being the owner of the entire estate; neither of whom had any separate or joint interest but a unity or entirety of the whole. So if either died the estate continued in the survivor, as it had existed before; an undivided unity or entirety. There was no survivorship as in joint tenancies, but a continuance of the estate in the survivor as it originally stood. The only change by death was in the person, not in the estate. Before death they both constituted one person holding the entire estate, and after the death of either the survivor remainded as the only holder of the estate." Loc. cit. 71.

We agree with the law announced by those cases, but they do not decide the exact question before us. In the above cited cases, death of one party to the marriage was the result of natural causes and not the result of willful murder by the surviving spouse as in the case at bar.

Appellants' petition is an equitable action, and the exact question before us is discussed by Bogert in his work, Trusts and Trustees, section 478, page 56, which reads as follows:

"Some difficulty may be experienced in applying equitable doctrines to the joint tenancy and tenancy by the entirety cases, due to the ancient theories long held to rest at the bottom of such estates. The surviving joint tenant or tenant by the entirety is said not to take anything [466] from the deceased but to have had ownership of the whole from the beginning. The death merely frees the survivor from the chance that the other would survive and be sole owner. Thus, if H and W are tenants by the entirety, and H murders W, and a court desires to place a disability upon the murderer either by legal principles or through the use of a constructive trust, it is faced with the argument that H, the murderer, acquired nothing by his crime, that he owned the whole property in theory of law from the beginning, and that husband and wife were at common law regarded as one person. The courts, however, have not always been deterred by mediaeval logic with regard to joint tenancy and entireties. They have appreciated that the survivor does acquire a substantial benefit by the death of his cotenant, in practical effect. Before such death each was entitled to enjoy the whole, and each had a chance of survivorship and consequent acquisition of the whole as a tenant in severalty. After the death the survivor does not have to share current profits with any one, and he has no possibility of loss of his interest impending over him. Whatever practical benefit the

murderer has obtained should be taken from him for the benefit of the innocent successors of the deceased cotenant.''

The Kansas City Court of Appeals in the case of Barnett v. Couey, 224 Mo. App. 913, 27 S. W. 2d 757, passed on the exact question before us. In that case the husband killed his wife and three hours later committed suicide. The wife's administrator contended that under the peculiar circumstances of the case he was entitled to one-half of the funds formerly held by the husband and wife as an estate by the entirety. On the other hand, the husband's administrator contended that each owned the whole estate and the survivor took all the estate without exception. In ruling the case that court said: ''The fiction of ownership does not begin or end with the creation of an estate by the entirety, but requires, before such beneficial rights may flow to the survivor, the determination thereof by death in the ordinary course of events, as we have previously stated. Such fiction of complete ownership in the whole of the entirety property the courts of this state have repeatedly declared must give way when equitable principles intervene. Then individual interests are defined and declared.'' 27 S. W. 2d l. c. 759. That court upheld the contention of the wife's administrator.

If two tenants by entirety are divorced, the legal fiction is destroyed and the former husband and wife become tenants in common. Russell v. Russell, 122 Mo. 235, 26 S. W. 677. If the fiction of complete ownership in each is not destroyed, one or the other must take all the estate. Since that would be inequitable, the estate must be equally divided. Holmes v. Kansas City, 209 Mo. 513, 108 S. W. 9, was a condemnation proceeding that included an estate by the entirety. Only the husband was made a party to that action. The wife later brought an injunction suit. In ruling the case we said: ''So that we have no hesitancy in saying that Mrs. Holmes had such an interest in the property as demanded at the hands of the city just compensation before the property or any part thereof could be taken for a public purpose.'' 209 Mo., l. c. 528. It necessarily follows that there we ignored and refused to follow the legal fiction, but did apply equitable principles in deciding that case.

The law is well settled that '' 'no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime.' '' Perry v. Strawbridge, 209 Mo. 621, l. c. 632, 108 S. W. 641.

When William Edgar Holland murdered his wife he did acquire a practical, substantial benefit by that act. Prior to that murder, both he and his wife were each entitled to enjoy the whole, and each had a chance of survivorship and consequent acquisition of the whole as a tenant in severalty. The practical benefit that he acquired by the death of his wife does satisfy the conditions imposed by the common

law relative to estate by entirety so that the survivor may take all. One must not only [467] be a survivor in fact but also a survivor in contemplation of law. Indispensable is the prerequisite that decease must be in the ordinary course of events and subject only to the vicissitudes of life. The killer can assert no right to complete ownership as survivor. Equity will not allow him to profit by his own crime.

[2] Respondents contend that to grant the relief prayed for in appellants' petition would work a forfeiture of the estate of William Edgar Holland in contravention of Section 13, Article II of the Constitution of Missouri, 1875, which provides "that no conviction can work corruption of blood or forfeiture of estate," and Section 4858, R. S. Mo., 1939, which provides that "no conviction of any person for any offense whatever shall work corruption of blood, or any forfeiture of any estate, or any right or interest therein."

To support this contention, respondents in their brief say, "He [William Edgar Holland] has acquired no new or additional interest through the death of his wife. He holds the whole title because such was the nature of the estate vested in him under the original grant." We think the cases already referred to which are relied upon by respondents do not make such a broad statement of the law. "Before death they both constituted one person holding the entire estate, and after the death of either the survivor remained as the only holder of the estate." Garner v. Jones, supra. 52 Mo. l. c. 71. This quotation can only mean that during the life of the husband and wife the title is vested in the union created by marriage with the whole estate being in the survivor.

We have already seen that during the time the marriage relation exists that each spouse has a separate interest in the estate by the entirety that can be protected by a court of equity. Holmes v. Kansas City, supra. And upon an absolute divorce, the estate by the entirety becomes an estate in common.

The husband does acquire an additional interest through the death of his wife. When her death occurs, he then becomes the sole owner of the estate. Prior to the wife's death the husband must share the current profits with his wife. But after her death the husband does not share these profits and has no possibility of loss of his interest impending over him.

Other states have ruled both ways on the question before us. But we think the sound reasoning under the record of this case is that the surviving husband never acquired the whole estate in the property described in appellants' petitions and, therefore, there was nothing upon which the constitutional provision and statute could operate.

"Under the peculiar circumstances here present, neither divestiture of interest nor survivorship exists in contemplation of law, as to

either. The fund [property] should go just as provided where there is a common calamity and both tenants die simultaneously.

"Under authority of Perry v. Strawbridge, supra, the husband could not qualify as the legal surviving widower. Therefore there is no survivor directly entitled to take, and the fund descends as if it were formerly held as tenants in common to be distributed according to the statute of descents. 30 C. J. 572; United States Casualty Co. v. Kacer, 169 Mo. 301, 310, 69 S. W. 370, 372, 58 L. R. A. 436, 92 Am. St. Rep. 641." Barnett v. Couey, supra, 27 S. W. 2d, l. c. 762.

We believe that appellants' contention is sound, that one-half of the property should go to the heirs of Mattie Mollie Holland and that the other one-half of the property belongs to William Edgar Holland.

It follows that the judgment must be reversed and the cause remanded with directions to set aside the judgment of dismissal and for other proceedings therein in accordance with this opinion. It is so ordered. All concur.