87 F.Supp. 274 (1949)
MORGAN
v.
FINNEGAN.
No. 6123.
United States District Court E. D. Missouri, E. D.
November 21, 1949.
*275 Karol A. Korngold, St. Louis, Mo., for plaintiff.
Theron Lamar Caudle, Assistant Attorney General, Andrew D. Sharpe and Elizabeth B. Davis, Special Assistants to the Attorney General, Drake Watson, United States Attorney, of New London, Mo., and William V. O'Donnell, Assistant United States Attorney, of St. Louis, Mo., for defendant.
HULEN, District Judge.
Is income from property owned by husband and wife in an estate by the entirety subject to yearly appropriation by the wife, or is such income taxable one-half to the wife and one-half to the husband? Such is the sole question presented by the record in this case, mainly on the following agreed statement of facts which we adopt for our

Findings of Fact.
(1) Plaintiff is a resident of the City of St. Louis, Missouri. He is and for many years prior to 1943 was the husband of Etta Morgan, who resides with him in said City.
(2) For the years 1943 and 1944 plaintiff and his wife filed separate income tax returns and made said returns on a cash receipts and calendar year basis.
(3) On and some time prior to January 1, 1943, plaintiff and his wife were the owners as tenants by the entirety of several parcels of real estate in the City of St. Louis, Missouri. During the years 1943 and 1944 all of this real estate except one parcel was rented to the Arthur Morgan Trucking Company, a Missouri corporation, of which plaintiff is the President.
(4) During the years 1943 and 1944 Arthur Morgan Trucking Company, a corporation, paid all rent owing by it to Etta Morgan, plaintiff's wife. Out of the rental so received Etta Morgan paid the expenses for the upkeep of said properties and the maintenance thereof. In addition to the payments received as rental for properties leased to Arthur Morgan Trucking Company, Etta Morgan also received during the years 1943 and 1944 the rental from the one parcel of property not rented to the Arthur Morgan Trucking Company.
The rentals paid by Arthur Morgan Trucking Company were credited monthly on its books to the account of Etta Morgan. During the years 1943 and 1944 the Arthur Morgan Trucking Company at the direction of Mrs. Morgan, paid out certain sums of money for various personal bills contracted by her, and charged same to her account, and also paid her various sums of money. The entire rents received were disbursed in this manner to Etta Morgan during the years 1943 and 1944.
(5) That during the year 1943 the net income from said real estate upon which an *276 income tax was required to be paid amounted to $5,174.68. In her income tax return for the year 1943 Etta Morgan reported all of such net rentals as income, and paid the tax due thereon.
(6) That during the year 1944 the net income from said real estate upon which an income tax was required to be paid amounted to $5,605.76. In her income tax return for that year Etta Morgan reported said entire amount as income and paid the income tax due thereon.
(7) That the income tax returns of plaintiff for the years 1943 and 1944 were audited and reviewed by the Commissioner of Internal Revenue, who assessed an additional tax against plaintiff in the following amounts:

 For the year 1943 ......... $1,582.79
 For the year 1944 ......... $1,640.29

that said additional assessment for the year 1943 resulted from adding to the income of plaintiff for that year 50 per cent of the net income of the aforementioned real estate, and another minor adjustment which is not in controversy in this action; that said additional assessment for the year 1944 resulted from the addition to the income of plaintiff for that year of 50 per cent of the net rental from the real estate for that year.
(8) That on July 22, 1947, plaintiff paid the aforementioned assessments, together with interest on the assessment for 1943 of $316.56 and interest for the year 1944 in the sum of $229.64.
(9) At the time the Commissioner of Internal Revenue determined a deficiency in taxes for plaintiff for the years 1943 and 1944 he likewise determined overassessments in the taxes paid by Etta Morgan for said years. These overassessments resulted from deducting from the income of Etta Morgan one-half of the net rentals so received, being the same one-half added to the income of plaintiff Arthur L. Morgan, Sr.
We make the following findings based on testimony offered by the plaintiff:
(10) Plaintiff's wife received the income from the property by virtue of agreement with plaintiff.
(11) From the money set up in the account referred to in paragraph 4 sums were paid for repairs to the buildings.

Issue.
Plaintiff seeks a ruling: "(a) each spouse owns the entire interest in an estate by the entirety; and (b) each spouse is entitled to all the income therefrom".
By aid of counsel's brief and independent search we find no authority to support proposition (b). There are many cases in Missouri declaring both in words and substance, "each spouse owns the entire interest in an estate by the entirety" but as we read them none hold "each spouse is entitled to all the income" from an estate by the entirety. We agree that property held as an estate by the entirety cannot be sold under execution for the debt of either the husband or the wife. Nor can either alienate a separable interest in such an estate. We are not here concerned with those questions. This case has to do solely with Federal income tax on the income from such an estate.
A brief reference to the character of ownership represented in an estate by the entirety may serve some purpose: "* * * the husband and wife have unity of interest, unity of entirety, unity of time, and unity of possession. They are neither properly joint-tenants, nor tenants in common, but both are seized of the entirety. While the right of survivorship gives the estate an apparent resemblance to joint-tenancy, it yet differs materially from joint-tenancy, for the survivor succeeds to the whole not by the right of survivorship simply, as is the case with joint-tenancy, but by virtue of the grant which vested the entire estate in each grantee, or, in contemplation of law, in one person with a dual body and consciousness. Being but one person in law, they take the estate as one person, each being the owner of the entire estate; neither of whom have any separate or joint interest but a unity or entirety of the whole; so if either dies the estate continues in the survivor, as it had existed before." (Emphasis added.) Murawski v. Murawski, Mo.App., 209 S.W.2d 262, loc. cit. 264.
*277 With this description of the estate in mind, to hold that the husband or wife may take the entire income from the property so held impresses us as doing violence to the unity of the interest in the property. It results in finding that the income is by law placed in a different status of ownership from that of the property. The "one person with a dual body" fiction is destroyed. One person in reality would get the income from property owned by two persons who by fiction of law represent one.
Plaintiff's contention leads to strange places. When he insists that "either" the wife or the husband is entitled to all the income in the estate held by the entirety it follows that the husband could acquire the income as he did prior to the Married Woman's Act, although the latter Act marked finis to any such right on the part of the husband. Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S.W. 67, L.R.A. 1918C, 1009. Plaintiff's position has the further weakness, the husband or wife operating under the alleged right of either to appropriate all income and so return for income tax purposes may change division of the income from year to year as it may benefit their individual tax liability. One year the income can be taken by the husband if that will result in a lessening of the tax liability. Another year a joint return could be filed if that was for the benefit of the two taxpayers. Or, as was done in this case, the wife may take all of the income and thereby benefit the tax liability of the husband. Each of these changes in tax return is accomplished without any change in status of ownership of the property from which the income is derived. The arrangement permits of irregularities. In this case a corporation of which the husband was president rented the property. The rent was credited on an account from which bills of the wife were from time to time paid, but in addition bills for repairs on the property were from time to time paid from the account. There was no such obligation contained in the lease and no obligation on the landlord to make repairs.
Plaintiff challenges the Government's method of division of income as arbitrary. We cannot agree. Such a division is in accordance with equality of husband and wife in ownership. A like division of the property follows in case of divorce. Such a division follows where death results from an act of violence by the surviving spouse. Grose v. Holland, 357 Mo. 874, 211 S.W.2d 464.
The issue raised by the plaintiff is not entirely new. In the early case of Rezabek v. Rezabek, 196 Mo.App. 673, 192 S.W. 107; an accounting was sought by the husband as against the wife for the income from property held in the estate by the entirety. An accounting was ordered and in affirming the Court of Appeals held that the husband was entitled to "one-half of the returns" accruing from property held by the entirety. Plaintiff states this case was overruled by Stifel's Union Brewing Co. v. Saxy, supra. We do not so read the Saxy opinion. In the latter case the Court held that the interest of the husband in lands held in entirety could not be sold under execution on death of the husband. The Court of Appeals which rendered the opinion in the Rezabek case indicates in the later case of Kingman v. Banks, 212 Mo.App. 202, 251 S.W. 449; that the Supreme Court in the Saxy case had refused to adopt their views on the Rezabek case, but has this to say on that subject: "However, in the Rezabek Case we did not have before us the question involved here, as the sole question there involved was an accounting inter sese, and the question of whether or not rents and profits of an estate by the entirety are subject to attachment for the husband's debts alone was not directly involved."
The correctness of the holding in the Rezabek case now has direct approval of the Missouri Supreme Court in Grose v. Holland, supra, 211 S.W.2d loc. cit. 466, 467:
"The courts, however, have not always been deterred by mediaeval logic with regard to joint tenancy and entireties."
"Prior to the wife's death the husband must share the current profits (resulting from estate property held by the entirety) with his wife."
*278 If the Missiouri Supreme Court by the ruling in the Saxy case did, as stated in the opinion in the Kingman case, adopt the Pennsylvania law, we then find support for the harmony in the holding of the Board of Tax Appeals and the Tax Court on cases coming up from Missouri and Pennsylvania, that the income from property held by husband and wife in estate by entirety is taxable one-half to the wife and one-half to the husband. Brennan v. Commissioner, 4 T.C.1260(Pa.), and Upthegrove v. Commissioner, 33 B.T.A. 952 (Mo.). The Michigan Supreme Court and the Missouri Supreme Court are in agreement as to the general characteristics of an estate by the entirety. Commissioner v. Hart, 76 F.2d 864, loc. cit. 867. In this case the Court of Appeals for the Sixth Circuit sustained a holding of the Board of Tax Appeals that the income from an estate held by the entirety is taxable one-half to the wife and one-half to the husband. We consider the ruling of the Sixth Circuit binding on us and in accordance with the law in the State of Missouri on the subject in so far as it has been written.
Plaintiff presents no argument by brief based on payment of the income to the wife by agreement with her husband. We conclude that such an agreement would not affect the tax liability of plaintiff. Greene v. Commissioner, 7 T.C. 142; Lucas v. Earl 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731.

Conclusions of Law.
(1) Income by way of rentals from property owned by plaintiff and his wife in an estate by the entirety in Missouri for the years 1943 and 1944 is taxable one-half to the plaintiff and one-half to his wife.
(2) Any oral agreement between plaintiff and his wife that the wife should take all of the income does not affect plaintiff's tax liability.
(3) Plaintiff is not entitled to recover in this case upon either count of the complaint and judgment should be for the defendant.
Defendant may submit form of judgment.