T.C. Memo. 1996-103


UNITED STATES TAX COURT


D. SHERMAN AND MAXINE M. COX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 30187-91.                    Filed March 6, 1996.


<u>John W. Schwartz, Jr.</u>, for petitioners.

<u>Anthony Gasaway</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case is before the
Court on petitioners' motion for an award of reasonable
litigation and administrative costs under section 7430.[1]  The
merits of the underlying case were decided in <u>Cox v.
Commissioner</u>, T.C. Memo. 1993-326, filed July 22, 1993, and to
the extent necessary for the disposition of this motion, the

---

[1]    All section references are to the Internal Revenue Code for
the year in issue.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

facts and holdings in T.C. Memo. 1993-326 are incorporated by this reference.

The issue in the prior case was whether petitioner D. Sherman Cox (Mr. Cox) was entitled to deduct payments made to his wife petitioner Maxine M. Cox (Mrs. Cox), and on behalf of his law practice, for the rental of property owned by Mr. and Mrs. Cox as tenants by the entireties. The property at issue was located in St. Louis, Missouri, and purchased by petitioners in November 1980. Mr. Cox's law practice occupied and paid "rent" of $18,000 to petitioners for the property during 1987. On their joint 1987 Federal income tax return, petitioners reported receipt of the $18,000 in rental income on their Schedule E. Mr. Cox reported the $18,000 in rental payments on his Schedule C for his law practice as an ordinary and necessary business expense.

Respondent disallowed the Schedule C rental expense of $18,000 in its entirety because the payments were made for the use of property to which Mr. Cox has title and in which he holds an equity interest. Respondent also deleted the corresponding rental income reported by petitioners on Schedule E. Contrary to the positions argued by both petitioners and respondent, we held that based on petitioners' interest in the property, as determined by Missouri law and under section 162(a), Mr. Cox was entitled to deduct one-half of the payments, and, in turn, one-half of the payments was reportable as rental income on the joint return.

Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239, 102 Stat. 3342, 3743-3746 (applicable to proceedings commenced after November 10, 1988), provides that in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable litigation costs.  To be a prevailing party, petitioners must establish:  (1) That the position of the United States in the proceeding was not substantially justified; (2) that they substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) that they met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B)(1994) on the date the petition was filed.  Sec. 7430(c)(4)(A).  In addition to being the prevailing party, petitioners must establish that they exhausted the administrative remedies available to them within the Internal Revenue Service (IRS), that they did not unreasonably protract the proceeding, and that the costs claimed are reasonable.  Sec. 7430(b)(1), (4), (c).  Petitioners must establish all of the above elements in order to recover.  See Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Prager v. Commissioner, T.C. Memo. 1994-420.

For purposes of petitioners' motion, respondent concedes that petitioners have exhausted their administrative remedies as required by section 7430(b)(1) and have satisfied the net worth requirement of section 7430(c)(4)(A)(iii).  Respondent further concedes that petitioners have not unreasonably protracted these

proceedings.  The issues remaining for our decision, therefore, are (1) whether petitioners substantially prevailed as to the amount in controversy or most significant issue, and (2) whether the position of respondent was substantially justified.

Section 7430(c)(7)(A) defines the "position of the United States" to mean (A) the position taken by the United States in a judicial proceeding (to which the section applies) and (B) the position taken in an administrative proceeding (to which the section applies) as of the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals or (ii) the date of the notice of deficiency.  In this case, there was no separate notice from the IRS Office of Appeals prior to the issuance of the notice of deficiency.  Therefore, for purposes of section 7430, the United States is considered to have taken a position in the administrative proceeding on October 11, 1990, the date the notice of deficiency was issued by respondent.

For civil tax cases commenced after December 31, 1985, section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language referring to the position of the United States from "unreasonable" to "not substantially justified".  However, this Court has held that the substantially justified standard does not represent a departure from the reasonableness standard.  Sokol v. Commissioner, 92 T.C. 760, 763-764 n.7 (1989); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).

Petitioners bear the burden of proving that the position of respondent was not substantially justified. Rule 232(e); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). In order to meet this burden, petitioners must show that legal precedent does not substantially support the position of respondent given the facts available to respondent. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). A determination of reasonableness must be based upon all the facts and circumstances, as well as any legal precedents relating to the case. DeVenney v. Commissioner, supra. We may consider, among other factors, whether respondent used the costs and expenses of litigation to extract unjustified concessions from petitioners, whether respondent pursued the litigation to harass or embarrass petitioners, or whether respondent pursued the litigation for political reasons. Rutana v. Commissioner, 88 T.C. 1329 (1987); DeVenney v. Commissioner, supra. A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988). It is not enough that a position simply possesses enough merit to avoid sanctions for frivolousness; it must have a "reasonable basis both in law and fact". Id.; see, e.g., Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992).

Respondent's loss or concession of an issue does not, ipso facto, render respondent's position not substantially justified.

Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Sokol v. Commissioner, supra at 767; Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The fact that respondent did not prevail in the underlying litigation does not require a determination that respondent's position was unreasonable, Broad Ave. Laundry & Tailoring v. United States, 693 F.2d 1387, 1391 (Fed. Cir. 1982); however, it remains a factor to be considered, Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. 457, 471 (1993).

Respondent's position was that petitioners were not entitled to deduct a rental expense of $18,000 on the Schedule C for the law practice of Mr. Cox because, under section 162(a)(3), Mr. Cox is not permitted to deduct payments attributable to property in which he owns an equity interest. Respondent contended that by deducting the rental payments as ordinary and necessary business expenses and reporting a corresponding amount as rental income on their Schedule E, petitioners were converting ordinary income into passive income to take advantage of what otherwise would be unused passive losses under section 469. Respondent also argued that because petitioners filed a joint return, they are precluded from reallocating income among one taxable unit. Petitioners argued that a tenancy by the entirety exists as a separate legal entity with which Mr. Cox's law practice may contract, and, thus, their deduction of the rental payments should be allowed.

Citing <u>U.S. Fidelity & Guar. Co. v. Hiles</u>, 670 S.W.2d 134, 137 (Mo. Ct. App. 1984) and <u>Rezabek v. Rezabek</u>, 192 S.W. 107 (Mo. Ct. App. 1917), we reasoned that Mrs. Cox was entitled to one-half of the rental proceeds, whether paid by an outsider or by her husband, from the property at issue under the State law of Missouri. We held that Mr. Cox was entitled to deduct one-half of the rent paid, on his Schedule C for his law practice, as an expense, but not the remaining half due to his equity interest in the property rented. We stated:

> <u>This Court has never before had the specific issue in this case before us.</u> We have held, however, where rental payments were made by outsiders, that each party in a tenancy by the entirety was entitled to report one-half of the proceeds thereon on separately filed returns. The issue, obviously, has previously arisen solely in the context of husband and wife filing separate returns, since prior to the enactment of section 469 regarding passive losses, the receipt by the wife of income would be offset by the deduction for rent by the husband where joint returns were filed.

<u>Cox v. Commissioner</u>, T.C. Memo. 1993-326 (emphasis added). In further support of our decision, we cited respondent's Rev. Rul. 74-209, 1974-1 C.B. 46, and Rev. Rul. 72-504, 1972-2 C.B. 90, which provide that parties can deduct rentals paid on property in which they hold some equity interest.

In their motion for litigation costs, petitioners contend that they substantially prevailed as to the amount in controversy and most significant issue, and that respondent's position was not substantially justified. In support of the first contention, petitioners claim that our decision in <u>Cox v. Commissioner</u>, <u>supra</u>, established Mrs. Cox's rights and interest in the tenants

by the entirety property, and thereby resulted in "a one-hundred percent (100%) win" for petitioners.

As discussed above, the issue in the underlying case was whether Mr. Cox could deduct $18,000 of rental payments as an ordinary expense and whether Mrs. Cox was required to report the same $18,000 as passive rental income. Respondent denied the amount in full, both as an expense for Mr. Cox and as income to Mrs. Cox, while petitioners argued that they were entitled to the full amounts as claimed and reported on their 1987 joint Federal income tax return. We determined that Mr. Cox was entitled to deduct one-half, or $9,000, of the rental payments while Mrs. Cox was required to report the same amount as rental income. In so doing, we stated: "We think that both petitioners and respondent are incorrect in their treatment of this item. Both, we believe, have elevated form over reality." Cox v. Commissioner, supra.

Accordingly, petitioners did not achieve a "100 percent win" in the underlying case. Rather, if we were grading our decision on a percentage scale, the results would be closer to 50 percent for petitioners and 50 percent for respondent. Therefore, it is questionable whether petitioners substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented.

Even assuming, arguendo, that petitioners did substantially prevail in the underlying case, we conclude that they would not be entitled to litigation costs because respondent's position was substantially justified. Petitioners argue that the position of

respondent was not substantially justified because respondent failed to cite any authority for the position that the filing of joint returns precluded petitioners from reallocating income and expenses in the manner reported on their 1987 return.  In support thereof, petitioners cite a portion of our decision in Cox v. Commissioner, supra:

> Respondent has not, however, pointed us to any authority that the filing of a joint return somehow changes the basic tax nature of the items in question, and we simply believe that respondent is incorrect in her position. * * *

Id.  Petitioners also contend that respondent "consistently ignored the Tenancy By The Entirety property and the attributes and benefits that go with said property".  We find petitioners' arguments to be without merit.

First, although respondent failed to cite any authority for her alternative argument regarding petitioners' joint return, we clearly stated that the issue was one of first impression before this Court.  Notwithstanding our disagreement with respondent's argument, we recognized that there were no cases directly on point with respect to the issue in the underlying case.  If the law is unclear, or the question raised is one of first impression, the Commissioner has greater justification to litigate the matter.  See Stebco, Inc. v. United States, 939 F.2d 686, 688 (9th Cir. 1991); Blanco Invs. & Land, Ltd. v. Commissioner, T.C. Memo. 1988-175.

We believe respondent's position was incorrect, but that petitioner has not shown that respondent's position lacked a reasonable basis in fact or law.  Respondent's position was based

on the language of section 162(a)(3), which prevents taxpayers from deducting expenses for rental payments for property to which the taxpayer has taken title or in which the taxpayer has equity, and Missouri property law which provides that petitioners, as tenants by the entireties, are each "'<u>the owner of the entire estate</u>; neither of whom have any separate or joint interest'". <u>Morgan v. Finnegan</u>, 87 F. Supp. 274, 276 (E.D. Mo. 1949), affd. 182 F.2d 649 (8th Cir. 1950) (quoting <u>Murawski v. Murawski</u>, 209 S.W.2d 262 (Mo. Ct. App. 1948)).  Respondent concluded that because Mr. Cox owned an interest in the property rented, he was not entitled to claim a deduction for payments attributable thereto.  To prevent an inequitable situation, respondent also deleted from Mrs. Cox's rental income the amount at issue.

Petitioner argues that our decision in <u>Cox v. Commissioner</u>, <u>supra</u>, established that respondent intentionally disregarded the rights of married women in general, and Mrs. Cox, in particular, by refusing to recognize that the marital community is a distinct entity with which Mr. Cox and his law practice may contract. This statement is incorrect.  In fact, we clearly stated that "Petitioners, likewise, have failed to convince us that the marital community is an entity separate and apart from petitioner wife and petitioner husband."  <u>Id.</u>

Accordingly, we conclude that the position of respondent was substantially justified.  Thus, petitioners are not entitled to administrative or litigation costs under section 7430. Petitioners' motion will be denied.

<u>An appropriate order</u>

<u>will be issued</u>.