DANIEL UPTHEGROVE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80613.   Promulgated January 23, 1936.

*Carleton S. Hadley, Esq.*, for the petitioner.
*James H. Yeatman, Esq.*, for the respondent.

OPINION.

ARUNDELL: This proceeding involves a deficiency in income tax determined by the respondent in the amount of $481.31 for the calendar year 1932. The parties agree that in any event there is a deficiency in the amount of $169.52. The remainder of the deficiency arises from the respondent's inclusion in petitioner's income of dividends which had been returned by the petitioner's wife. The issue is whether such dividends were income to the petitioner.

The facts were stipulated and we adopt the stipulation as our findings of fact. It appears that in 1932 the petitioner and his wife owned corporate stock on which dividends in the amount of $3,567.46 were paid in that year. The petitioner's wife reported all the dividends in her separate return and the petitioner reported none of them. The respondent excluded one half of the dividends from the return of the wife and added the one half in the amount of $1,783.73 to the income reported by the petitioner.

Both parties argue in their briefs that the stocks were owned by the petitioner and his wife as tenants by the entirety and they support their views by abundant authority from the decisions of the courts of Missouri, the state of residence. We accept that premise. We had an identical situation in the case of *George E. Saulsbury,* 27 B. T. A. 744, where the taxpayer and his wife were residents of the State of Maryland. We there held, following the decisions of the Maryland courts, that the husband was entitled to one half the income from the property in the absence of an agreement with his wife for a different division and that the one half was, therefore, his income and taxable to him. As we read the cases, the Missouri courts hold the same way as do the courts of Maryland. In both jurisdictions it is recognized that the married woman's acts change the common law rule which gave the husband control of the income of the wife's property, including that in which her interest was that of tenant by the entirety. In *Rezabek* v. *Rezabek,* 186 Mo. App. 673;

192 S. W. 107, the court followed the decisions in other jurisdictions which it said were "in line with the intent and spirit of our Married Woman's Acts" and held that the husband was "entitled to one half of the rents and profits accruing from the leasehold", which leasehold was owned by the husband and wife by the entireties. There is no evidence in this case of any agreement between the husband and wife as to the division of the income from the entirety property. Consequently, on authority of the *Rezabek* case, *supra*, and following our holding in *George E. Saulsbury, supra*, we hold here that one half the dividends were income to petitioner and were properly added to his income by the respondent.

*Decision will be entered for the respondent.*