EDWIN F. SANDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8861. Promulgated February 27, 1947.

*Sidney Teiser, Esq.*, for the petitioner.
*Bryant R. Burton, Esq.*, for the respondent.

KERN, *Judge*: The first question before us is whether the alleged partnership between petitioner and his wife is valid for tax purposes. In his petition herein petitioner relies upon the formal document executed in 1941 reciting the gift by petitioner to his wife of a $15,000 interest in his business, and the establishment of a partnership on the terms and conditions set out therein. He there recites that he had been operating the business as a sole proprietor prior to the execution of that agreement, and that the gift of a $15,000 interest in the business was a *bona fide* gift, and that he thereupon formed a business partnership with her which thereafter operated the business.

At the time of the hearing, however, petitioner assumed the position that the partnership had been in existence since 1925, when he and his wife were married, that the alleged gift recited in the agreement of 1941 did not, in fact, occur, and that the agreement was executed and the gift tax return filed as a purely precautionary measure.

It is by now well settled that, in order to sustain a family partnership for tax purposes, it must be shown that the wife contributed either capital, or services of a vital nature. *Commissioner* v. *Tower*, 327 U. S. 280; *Lusthaus* v. *Commissioner*, 327 U. S. 293. The fact that the wife contributes to the alleged partnership no capital originating separately with her is persuasive against the *bona fides* and validity of such partnership. *Lusthaus* v. *Commissioner, supra.*

It is agreed that at the time of their marriage neither party owned any capital. Petitioner was employed at a daily wage, which was their only source of income. It may therefore be assumed that the money used for the purchase of the first property, intended for use as their home, and not as a business venture, came from his wages. This home was later sold, and still later repossessed at a loss. There was therefore no profit realized from that initial investment. This was the property on which it is contended petitioner's wife helped him with the physical labor involved in the building. Since, at that stage it was not regarded as a business venture at all, and did not result in a profit to be reinvested in future business ventures, her efforts can not fairly be regarded as any evidence that a business partnership was intended or resulted.

The next property which was bought was presumably also paid for out of petitioner's wages, and title to this property was in petitioner alone. A house was built, and the property sold, but the record does not disclose what profit, if any, resulted. However, from that time on additional property was purchased, developed, and sold, and at no time was there any outside source of income except such profit and petitioner's personal wages. It is therefore clear that Mrs. Sandberg

never, at any time, contributed any of her own capital to the alleged partnership business.

Her services, excluding those contributed to the first house, as set out above, consisted largely in answering the telephone and looking after such matters as she could handle at home in conjunction with the discharge of her domestic responsibilities, including the care of three children. She occasionally cleaned a house and prepared it for showing to prospective customers in the early years, but this work was thereafter done by crews of workmen. Throughout the period under consideration, she discussed with petitioner the advisability of certain real estate purchases, and frequently selected color schemes and trimmings to be used in the finished houses, and took an interest in the location of electric outlets, etc.

She took no part in either the designing or the actual building of the houses, and the activities outlined above seem to have been a relatively minor contribution to the business and limited to matters in which feminine taste and judgment would naturally interest itself. They were not, in our opinion, vital in character, or of a managerial or controlling nature, within the rules laid down in *Commissioner* v. *Tower*, *supra*, and *Lusthaus* v. *Commissioner*, *supra*.

It is our conclusion, therefore, that the facts in this case, when subjected to the special scrutiny which all such arrangements invite, do not support the claimed existence of a bona fide partnership which can be recognized for tax purposes.

The alternative question is concerned with the fact that the title to most of the properties purchased for development and sale was taken in the names of petitioner and his wife as tenants by the entireties.

The respondent has published a ruling, cited as I. T. 3743, 1945 C. B. 142, to the effect that a husband and wife holding property as tenants by the entireties in the State of Oregon may each report one-half of the income from such property in their separate income tax returns. He does not question the applicability of the principle embodied in that ruling to the facts here, but he suggests that a deduction should be made from the proceeds from the sale of each house owned by the entirety in an amount fairly representing the value of petitioner's personal services which contributed to the building of the house, before a division of the profits from the sale is allowed for tax purposes.

This presents a question to which we find no authoritative answer in the decisions. It is the respondent's theory that, unless such a deduction is required, we shall be permitting that which has so often been denied, that is, the division between the husband and wife of liability for tax on income which is essentially compensation for personal services of the husband.

It may be assumed that the rule announced in I. T. 3743, which respondent does not seek to disturb in this proceeding, is based on the fact that under the state law in Oregon, a wife who, with her husband, owns property as tenants by the entireties has a present vested interest in that property and is entitled to one-half the income produced by it. See *Ganoe* v. *Ohmart*, 121 Or. 116; 254 Pac. 203. Her estate, therefore, is equal to that of her husband.

The question presented by respondent's novel suggestion is whether that estate is susceptible of being whittled down because her husband contributed more to the value of the property than she.

In *Paul G. Greene*, 7 T. C. 142, the taxpayer himself bought the land involved there from his own funds, and caused the construction of the building thereon at his own expense. Title was taken in his name and his wife's as tenants by the entireties. We held the rental income taxable to him to the extent of only one-half, regarding the source of the funds invested in the property as immaterial.

The petitioner here invested, in addition to money, his own time and effort. He expended such time and effort in the improvement of property of which his wife was an equal owner. He had an absolute right to build the buildings on such land, and the increase in the value of the property resulting from its improvement inures to the benefit of the joint estate. See 41 C. J. S., par. 34 (d) (1) (a), *Husband and Wife*. Thus, petitioner's wife became the equal owner with him of the improved property and entitled to one-half the proceeds from the sale or rental thereof. Petitioner is therefore taxable on only one-half of such income.

The fact that some part of the value of the joint estate was attributable to personal services of petitioner for which he received no pay, except by way of the increased value of the estate, is not material. Petitioner received no money for his services; he created, by his services, other property of which his wife was, under state law, an equal owner. We are therefore of the opinion that the adjustments suggested by respondent are not proper, and that the petitioner and his wife are each taxable on half of the income arising from the sale or rental of properties held by petitioner and his wife as tenants by the entireties, the amount of income thus divided being neither increased nor decreased by any amount representing compensation to petitioner for his services in constructing improvements on such property.

With respect to the income arising from those properties to which petitioner himself held title, we are of the opinion that he is liable for the tax thereon, and respondent's action in that respect is not erroneous. Similarly, profits received from construction work performed on property owned by other persons or corporations under contract are taxable to petitioner alone, since they were directly attributable to his services.

The rental income from property held by petitioner and his wife as tenants by the entirety is to be divided for tax purposes between petitioner and his wife.

The losses resulting from the sales of property held as tenants by the entirety are to be divided between petitioner and his wife. *Anna S. Whitcomb*, 37 B. T. A. 806; affd., 103 Fed. (2d) 1009.

*Decision will be entered under Rule 50.*