### SPIES et al. v. UNITED STATES.
### No. 14040.

United States Court of Appeals
Eighth Circuit
Feb. 23, 1950.

Denis M. Kelleher, Fort Dodge, Iowa, and Edward D. Kelly, Algona, Iowa, for appellants.

Harry Marselli, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson and Irving I. Axelrad, Sp. Assts. to Atty. Gen., Tobias E. Diamond, U. S. Atty., and Wm. B. Danforth, Asst. U. S. Atty., Sioux City, Iowa, on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal from a judgment dismissing the plaintiffs' action for refunds of income taxes for the years 1941 and 1943 presents two questions:

(1) Whether $6,000 of the net income of a trust, known as the "Bond Trust," created December 20, 1934, by Jacob A. Spies, who died in 1938, was taxable to his widow, Anna Spies, in each of the years in suit, under § 162(b), Title 26 U.S.C.A.,[1] as income "which is to be distributed currently"; the instrument creating the trust providing:

"The entire net income of the trust estate shall be accumulated and shall be retained in a separate fund designated 'Trust Reserve Fund.'

"Upon the death of Settlor:

"There shall be paid to Settlor's wife, Anna Spies, so much of the net income of the trust estate, which, added to other income which she shall be entitled to receive from other sources, shall produce a monthly income to her of Five Hundred Dollars ($500.00). In the event that said Five Hundred Dollars ($500.00) monthly income shall be insufficient to properly maintain, care for and support her, then the Trustees in their sole discretion may pay to her an additional sum of Three Hundred Dollars ($300.00) in any one month so as to provide for her proper maintenance, comfort and support.

"If said Trust Reserve Fund shall not then amount to Ten Thousand Dollars ($10,000.00), the net income from the trust estate, after providing for payment of income to Settlor's said wife, shall be further

1. "§ 162. Net income.
"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—
* * * * * * *
"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees,

heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, 'income which is to be distributed currently' includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. * * *"

338

accumulated until said Ten Thousand Dollar ($10,000.00) fund is so accumulated, and any excess net income shall be paid, in convenient installments to Settlor's children, Elizabeth Amelia Spies, Charles Jacob Spies and Adolph Alfred Spies, in equal shares, so long as they shall live." ; and Anna Spies having had no other income during the years here involved, and the net annual income of the trust estate having exceeded $6,000 in those years.

(2) Whether the net annual income in excess of $6,000 of the "Bond Trust" and the entire net income of a second trust, referred to as the "Estate Trust," created by the will of Jacob A. Spies and the codicils thereto, all of which income his three surviving children, Elizabeth Spies Hossack, Charles Jacob Spies, and Adolph Alfred Spies, as the trustees of the two trusts, had the power to distribute in equal shares to themselves as beneficiaries, was taxable to them as individuals, for the years in suit, under § 22(a), Title 26 U.S.C.A.[2]

The District Court answered both questions in the affirmative in an opinion which adequately states the pertinent facts, the issues involved, and the applicable law. 84 F.Supp. 769. Nothing would be gained by a repetitious or redundant elaboration of that opinion.

█ We think the District Court's conclusion that the widow of the settlor was entitled to receive $6,000 each year from the net income of the "Bond Trust," and that such income was taxable to her under § 162(b), Title 26 U.S.C.A., is clearly correct.

█ The second question is more doubtful, due largely to the construction which the District Court of Palo Alto County, Iowa, has, in proceedings initiated by plaintiffs, given to the instruments creating the two trusts. Under that construc-

tion, the trusts are valid spendthrift trusts; the trustees are under no obligation to distribute to themselves as beneficiaries net income of the trusts (in excess of the $6,000 payable to Anna Spies), and may, in their discretion, either distribute such available net income of the trusts or accumulate it. The United States District Court was of the view that, from a practical standpoint, the power of the three children as trustees to divide such available trust income equally among themselves as beneficiaries gave them a sufficient command over such income to make it theirs for the purposes of federal income taxation. It is true that as trustees the three children were a group or, in effect, a single trustee entity, and that as beneficiaries they were three individuals. From a strictly legalistic standpoint, the children as beneficiaries did not have "unfettered command" (Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L. Ed. 916) of the net income of the trusts available for distribution by themselves as trustees to themselves as beneficiaries. We agree with the District Court, however, that the fetters upon their command of income were more technical than real, and would not prevent the income from being taxable to them under § 22(a), Title 26 U. S.C.A. No suggestion is made that any of the beneficiaries of these trusts, to whom income could be distributed by the trustees, during the period in suit had become a spendthrift or that there was any insuperable obstacle preventing the trustees from distributing trust income to themselves as beneficiaries. What the children of the settlor are saying, in effect, is that they, as a group, could suit themselves about the matter of distribution, and that, if they saw fit not to distribute income to themselves as beneficiaries, the income which they decided not to distribute could not lawfully be attributed to them as individuals.

2. "§ 22. Gross income.
"(a) *General definition.* 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * *, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or deal-

ings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

The "command of income" theory, upon which the District Court relied, has been considered by the Supreme Court of the United States and by this Court many times. One of the more recent cases in this Court is Mallinckrodt v. Nunan, 146 F.2d 1, certiorari denied 324 U.S. 871, 65 S.Ct. 1017, 89 L.Ed. 1426. The facts in that case were not identical with the facts in this case, but the controlling principles are, we think, the same.

It is our conclusion that the income of the two trusts which was available for distribution to the three children of Jacob A. Spies during the years in suit was their income for the purposes of federal taxation, whether or not it was distributed to them.

The judgment is affirmed.