**MORGAN v. FINNEGAN, Collector of Internal Revenue.**

No. 14097.

United States Court of Appeals Eighth Circuit.

June 15, 1950.

Rehearing Denied July 21, 1950.

Karol A. Korngold, St. Louis, Mo., (Frey & Korngold, St. Louis, Mo., were with him on the brief), for appellant.

Carlton Fox, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, A. F. Prescott, and Elizabeth B. Davis, Special Assistants to the Attorney General, Drake Watson, United States Attorney, and William V. O'Donnell, Assistant United States Attorney, St. Louis, Mo., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The plaintiff (appellant) and his wife, in 1943 and 1944, owned real estate in St. Louis, Missouri, as tenants by the entirety. All of this real estate, except one parcel, was rented to a company of which the plaintiff was the President. The wife received the rentals, reported them as her income in her separate federal income tax returns, and paid the taxes upon them. The Commissioner of Internal Revenue determined that one-half of the net income from the real estate was taxable to the plaintiff in each of the years in question. This resulted in a deficiency being assessed against him for each of the years, and in his wife receiving refunds for having overpaid her taxes.

Upon the claim that, under Missouri law, none of the income from the real estate for the years involved was taxable to him, the plaintiff, after paying the deficiencies assessed, brought this action against the Collector to recover the resulting alleged overpayments. The District Court ruled that, under Missouri law, one-half of the net rentals of the real estate were taxable to the plaintiff, and dismissed his action. 87 F.Supp. 274. This appeal followed.

The facts were stipulated. They are stated in detail in the opinion of the District Court, and need not be repeated. The plaintiff contends that, in Missouri, "tenants

by the entirety" are considered to be one person, each being the owner of the whole; that, since each spouse owned the whole of the property, the one who received the entire income was required to include it in his or her return; that the spouses could agree as to which of them should have the income; that the interest of each in the property was exempt from execution for the debts of the other; that neither could have partition of the property or an accounting from the other of the income from it; and that no law or regulation required each spouse to include one-half of the income in a separate return.

■ The question whether one-half of the income from the real estate was income of the plaintiff is one of Missouri law, with respect to which this Court is justified in accepting the views of the District Court. Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1019 and cases cited. The ruling of the District Court is in accord with the following cases: Commissioner of Internal Revenue v. Hart, 6 Cir., 76 F.2d 864; Shaffran v. Commissioner of Internal Revenue 18 B.T.A. 91; Saulsbury v. Commissioner of Internal Revenue, 27 B.T.A. 744; Upthegrove v. Commissioner of Internal Revenue, 33 B.T.A. 952; Brennen v. Commissioner of Internal Revenue, 4 T.C. 1260; Greene v. Commissioner of Internal Revenue, 7 T.C. 142; Sandberg v. Commissioner of Internal Revenue, 8 T.C. 423.

■ It is to be remembered that cases such as this are not to be decided "by attenuated subtleties", Lucas v. Earl, 281 U.S. 111, 114, 50 S.Ct. 241, 74 L.Ed. 731, and that "taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid." Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916.

■ Under § 22(a), Title 26 U.S.C.A., the fact that the plaintiff chose not to take rental income from the real estate during the years in suit did not make the share of it which he might have taken any the less his for purposes of federal income taxation. Compare, Spies v. United States, 8 Cir., 180 F.2d 336, 338.

The judgment appealed from is affirmed.