## BERNSTEIN et ux. v. UNITED STATES.
### No. 7355.

United States District Court
W. D. Missouri, W. D.

July 8, 1952.

Marcy K. Brown, Jr., Kansas City, Mo., for plaintiffs.

Sam M. Wear, U. S. Atty., Kansas City, Mo., and William Aull III, Asst. U. S. Atty., Lexington, Mo., for defendant.

REEVES, Chief Judge.

In this case the plaintiffs seek to quiet title to designated properties owned by them as estates by the entireties. The government has heretofore filed a lien against the same properties *"and the owners there-of."* (Italics mine.)

This suit is authorized by Section 2410, Title 28 U.S.C.A. Such section confers upon the property owner the right to sue to quiet title to real or personal property on which the United States has or acquires a mortgage or other lien.

In their action the plaintiffs rely on the case of United States v. Hutcherson, 8 Cir., 188 F.2d 326. In that case the lien asserted was against property, and not against the income. Moreover, by an affidavit appended to its brief in opposition to the motion for a summary judgment, the government sets forth in detail that the co-plaintiff, Hattie B. Bernstein, though a co-owner in estates by the entireties, has not paid in income tax although she was liable for such from an income derived from the properties in question. Upon this affidavit it would be the right of the government to file a lien against the whole property because of the failure of Hattie B. Bernstein to account for the income to her from these estates held by entireties.

The identical question was presented to Judge Hulen of the Eastern District of Missouri in Morgan v. Finnegan, D.C., 87 F.Supp. 274. Judge Hulen held that both husband and wife were liable for a tax on income received from properties held as estates by the entireties. And that this was true whether one received all of the income or not. In fact, in the Morgan case, the wife received all of the income and paid a tax on it. The government allowed her a refund on the grounds that her husband should have paid a tax on one-half of the income. The opinion of Judge Hulen was affirmed by the Circuit Court of Appeals, 8 Cir., 182 F.2d 649. The last paragraph of that opinion, 182 F.2d loc.cit. 650, is pertinent here:

"Under Section 22(a), Title 26 U.S.C.A., the fact that the plaintiff chose not to take rental income from the real estate during the years in suit did not make the share of it which he might have taken any the less his for purposes of federal income taxation."

It would follow from the foregoing that the motion for a summary judgment should be overruled on two grounds: (a) In this case the government seeks a lien on the income as well as upon the property itself; (b) upon the affidavit submitted by the government, the co-plaintiff, Hattie B. Bernstein, has not paid the tax nor reported her income, and since she is entitled to one-half

the amount and same has not been paid, the government probably would be entitled to enforce its lien against both the plaintiffs, and therefore such a lien against both of them would be valid and proper against the real estate as well as the income thereof.

Accordingly, the motion for a summary judgment should be and will be overruled.