Beulah PILIP, Plaintiff,

v.

UNITED STATES of America and William E. Frank, Director of Internal Revenue, Defendants and Third Parties Plaintiff,

v.

Clem PILIP, Pilip and Butt Painting Contractors, Inc., and Clem Pilip Company, Third Parties Defendant.

No. A–13585.

United States District Court,
at Anchorage.
D. Alaska.
Sept. 14, 1960.

George J. Toulouse, Jr., Wettrick, Flood, O'Brien, Toulouse & Lirhus, Se-attle, Wash., Dorothy D. Tyner, Anchorage, Alaska, for plaintiff.

Merrell L. Andersen, Asst. U. S. Atty., and James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for defendants and third parties plaintiff.

HODGE, District Judge.

Plaintiff brings this action by authority of Secs. 1340 and 1346, Title 28 U.S.C.A., relating to internal revenue taxes alleged to have been illegally levied upon and collected from the rental income of real property at Anchorage, in Alaska, owned by plaintiff and her husband as tenants by the entirety. The complaint alleges that defendants have, since November 24, 1953, received the rental income from such property and applied portions thereof belonging to the plaintiff to the credit of persons other than the plaintiff; that since October 1955, defendants caused all of the rental income from said property to be seized and a portion of rents belonging to plaintiff converted to the credit of such other persons; that defendants caused a lien to be filed against said property for the tax liability of Clem V. Pilip, plaintiff's husband; and thereafter, in 1957, caused the property to be seized for sale for the tax liability of the husband. Plaintiff prays: (1) for a declaratory judgment that plaintiff is the owner of said real property as a tenant by the entirety; (2) for a declaratory judgment that the lien filed by defendants did not and does not attach to said real property; (3) for a declaratory judgment that the lien filed by defendants did not and does not attach to the rents and profits from said property; (4) that the order of distraint be quashed and the seizure of said property be set aside; (5) that the defendants be enjoined from selling the property; (6) that defendants be required to account for the rents and profits received from said real property and pay such amounts as are found due to the plaintiff; and (7) for damages for wrongful conversion of the rents and income.

Defendants filed an answer by way of general denial, setting up affirmative defenses and asserting a counterclaim against plaintiff for income taxes allegedly assessed against plaintiff Beulah Pilip and her husband Clem Pilip jointly, the unpaid balance of which was claimed at $1,299.06 plus accrued interest of $4,990.44, asking for foreclosure of the lien of the government against the property involved.

Thereafter defendants filed a third party complaint against Clem Pilip, Pilip and Butt Painting Contractors, Inc., and Clem Pilip Company, alleging income and withholding taxes assessed against Clem Pilip and Beulah Pilip jointly for the year 1945 and taxes assessed against the third party defendants for the years 1946, 1947, and 1951, seeking to foreclose the lien of such assessments against the said real property.

A receiver was appointed by the Court on April 15, 1958, who has since been in possession of the property and collected the rents. The last report of the receiver indicates a balance in his hand of $13,176.01 plus a reserve account of $1,230.54, which monies are being held subject to distribution upon order of the Court.

Both parties have moved for summary judgment, based upon the pleadings, answers to interrogatories, and exhibits appended thereto, and stipulations of counsel as disclosed in their respective briefs, from which it appears that there is no genuine issue as to any material fact. Plaintiff has also moved for dismissal of defendants' counterclaim and defendants have moved for dismissal of plaintiff's complaint. Plaintiff, in addition, has moved for dismissal of the third party complaint.

It is clear that under the provisions of Sec. 2201, Title 28 U.S.C.A., relief to plaintiff by way of declaratory judgment cannot be had for the reason that such remedy specifically excludes controversies with respect to federal taxes. England v. United States, 7 Cir., 261 F.2d 455. The relief sought by way of injunction must likewise be denied under the provisions of Sec. 7421, Title 26 U.S.C.A., although it is conceded that such relief is no longer necessary and this question is moot. Plaintiff's prayer for damages for conversion may not be entertained under the provisions of Sec. 2680(c), Title 28 U.S.C.A. This Court does have jurisdiction, however, to determine the question of taxes erroneously or illegally assessed or collected under the provisions of Sec. 1346, Title 28 U.S.C.A., and to proceed to adjudicate all matters involved in this controversy and finally determine the merits of all claims to and liens upon the property in question under the provisions of Sec. 7403, Title 26 U.S.C.A. The motion to dismiss the complaint will therefore be denied as to this relief sought. The United States has also the right to assert its counterclaim and third party complaint under the provisions of Sec. 6321 of the Internal Revenue Code of 1954 (Sec. 6321, Title 26 U.S.C.A.) which gives to the United States a lien "upon all property and rights to property, whether real or personal, belonging to [the taxpayer]," subject to the period of limitation within which the tax may be "collected by levy or by a proceeding in court" provided by Sec. 6502, Title 26 U.S.C.A., being within six years "after the assessment of the tax." Plaintiff moved to dismiss the third party complaint upon the grounds that it was not filed within the time provided by law. The third party complaint was filed on January 6, 1958. The dates of the assessment lists upon the several liens sought to be foreclosed are all recited as within six years prior to such date, the last of which was December 23, 1952. The motions to dismiss the counterclaim and third party complaint will therefore be denied.

The sole question left for determination is whether or not, under Alaska law, a lien for unpaid federal income taxes owing by a husband, as his separate obligation, under separate returns filed by

him, attaches to real property owned by the husband and wife as tenants by the entirety, or to the income therefrom.

The admitted facts are in substance as follows: On October 30, 1950, Clem Pilip conveyed to himself and his wife Beulah Pilip, plaintiff herein, as tenants by the entirety, a parcel of land at Anchorage, Alaska, described in plaintiff's complaint, upon which a building was constructed by them with the proceeds of a joint loan, and from which a rental income was derived by them. In 1952 and in subsequent years various income taxes and penalties were assessed by the United States against Clem and Beulah Pilip jointly, Clem Pilip individually, Clem Pilip doing business as Clem Pilip Company, and the Pilip and Butt Painting Contractors, Inc., a corporation alleged to be owned and controlled by Clem and Beulah Pilip. From December 1955 through December 1957 the District Director of Internal Revenue collected rents paid by the tenants of the property and applied the amounts collected to the tax liabilities of these several taxpayers, and on July 3, 1957 levied on the interest of Clem Pilip in the real property in question. It appears from the answers to the interrogatories and the exhibits that all taxes owing by Clem and Beulah Pilip jointly and all taxes owing by the Pilip and Butt Painting Contractors have been paid in full out of such rents collected, and that there remains only a balance of tax owing assessed to Clem V. Pilip in the sum of $1,299.06 plus accrued interest. No dispute exists as to the amount of taxes assessed, as this matter was settled by the Tax Court.

There is no question but that the law of the Territory (now State) of Alaska applies. The controlling Alaska statute, so far as is pertinent here, being Sec. 22–1–6, A.C.L.A.1949, is as follows:

*"Remedies of tenant in common: Joint tenancy abolished: Tenants by the entirety.* * * * joint tenancy, excepting interests in personalty and excepting tenancy by the entirety, is abolished and all persons having an undivided interest in real property, are to be deemed and considered tenants in common.

"The right to hold an estate in lands as tenants by the entirety, with the right to survivorship, is hereby expressly recognized and granted. A homestead to the value of $5000.00 held by the tenants by the entirety, shall not be liable for the debts of either or both of the tenants, except by special agreement. Other estates, except a homestead held by tenants by the entirety, shall be liable for the debts of either or both of the tenants. The right of the husband to convey to himself and wife, as tenants by the entirety, and the right of the wife to convey to herself and her husband, as tenants by the entirety, is hereby confirmed and granted."

The Alaska Territorial Legislature also adopted in 1913 the so-called "married women's property statutes." Secs. 21–2–6 and 21–2–7, A.C.L.A.1949.

No reported decision of the Alaska courts is found passing upon the question here involved. Both parties have relied in their briefs upon numerous decisions of the state courts and federal cases applying the state law with respect to the interest of husband and wife in real property as tenants by the entirety. The authorities are in irreconcilable conflict as to the interest of each spouse in the estate as subject to the satisfaction of his or her individual debt, and it would serve no useful purpose to attempt to review them in detail. Annotation 166 A.L.R. 969; 4 Powell on Real Property, 661, Sec. 623; 2 Tiffany Real Property, 229, Sec. 434; 2 American Law of Property, 27, Sec. 6.6(b); 11 Oregon Law Review, 96 (1932). In a majority of the jurisdictions, including a line of cases applying the Missouri and Michigan law, especially relied upon by plaintiff, it is held that a judgment or lien against one of the tenants to an estate by entireties is not a lien upon any part of the estate and gives to the creditor no interest therein, where married women's statutes

give to both of them the right to possession and enjoyment of their separate property, and that since estates by entireties exist only as to husband and wife, the entire property during their joint lives, as well as the expectancy upon survival, is free from judgment or lien against either of them. Annotation 166 A.L.R. 983. This rule has been applied to the lien of the government for unpaid federal income taxes under the Missouri law. United States v. Hutcherson, 8 Cir., 188 F.2d 326.

In a number of other jurisdictions it is held that property owned by a husband and wife by entireties may be subjected to the lien of a judgment, execution or other satisfaction of a debt against the husband to the extent of his interest therein, provided that any purchaser upon execution sale takes subject to the right of survivorship. Annotation 166 A.L.R. 974. Such has been the holding of the Supreme Court of the State of Oregon. Howell v. Folsom, 1900, 38 Or. 184, 63 P. 116; Ganoe v. Ohmart, 1927, 121 Or. 116, 254 P. 203; Brownley v. Lincoln County, Or.1959, 343 P.2d 529; 39 Oregon Law Review 194 (Feb. 1960).

The first portion of the Alaska statute appears to have been drawn from the Oregon law. That portion of the statute relating expressly to tenancies by the entirety was added in 1929, apparently as a codification of the common law, and differs from the Oregon code only in that under the Oregon law a tenancy by the entirety was recognized as "defined by the laws of the State of Oregon." Secs. 93.180, 91.020, 91.030, ORS 1953 ed. In fact, most of the Alaska civil code was originally adopted from the Oregon law. Therefore, decisions of that state are controlling here.

This construction appears to be consistent with a proper interpretation of the Alaska statute wherein there is first expressly recognized a distinction between tenancy by the entirety and tenants in common, and it is further provided that a homestead held by the tenants by the entirety shall not be liable for the debts of either or both of the tenants, except by special agreement, and that other estates, except a homestead held by tenants by the entirety, shall be liable for the debts of either or both of the tenants. No such homestead exemption is here claimed.

With respect to the income and profits the courts are also not in harmony. However, in a number of jurisdictions it has been held that each spouse is entitled to half of the net income of property held by them as tenants by the entirety and that the beneficial interest of each may be reached for the satisfaction of creditors' claims of either husband or wife. Annotation 166 A.L.R. 977–981, 996–998; 4 Powell on Real Property, supra, p. 667; Morgan v. Finnegan, 8 Cir., 1950, 182 F.2d 649; Bernstein v. United States, D.C.Mo., 106 F.Supp. 233. This has also been the express holding of the Supreme Court of the State of Oregon in the cases cited above. These decisions hold that the purchaser at any execution sale of the interest of the debtor spouse would become entitled to one-half of the rents and profits during the joint lives of the spouses, and, if the debtor spouse survived, the purchaser would receive the fee; if the debtor spouse predeceased the other, the purchaser would lose all interest in the property at the time of the death of that spouse; that is to say, the purchaser would acquire exactly the interest that the debtor spouse had, being one-half of the rents and profits and the chance of survivorship.

The reason for this rule is otherwise expressed that although the estate itself may be indivisible the income therefrom is divisible, that such a holding does not destroy the nature of the estate and that there is nothing in the law to justify an inference that the husband's income is to be shielded from the pursuit of creditors, and that any device of this character for the protection of the husband's property from his creditors is contrary to public policy. Ganoe v. Ohmart, supra; Brown-

ley v. Lincoln County, supra; Buttlar v. Rosenblath, 42 N.J.Eq. 651, 9 A. 695.

However, there is nothing in the reported decisions to support the defendants' contention that creditors of the husband can appropriate the entire rents and profits, but it is held that such creditors may appropriate only the husband's share. See cases cited, and Bilder v. Robinson, 73 N.J.Eq. 169, 67 A. 828; Hiles v. Fisher, 144 N.Y. 306, 39 N.E. 337, 30 L.R.A. 305.

Plaintiff also challenges the right of the Director to apply the rents collected to tax obligations of the Pilip and Butt Painting Contractors, as to which the amounts collected from real estate dealers Fuller and Dow appear to exceed $14,-000. In answer to interrogatories propounded to defendants reference was made to a power of attorney executed November 30, 1955, by Beulah Pilip as attorney in fact for Clem V. and Beulah Pilip and the Pilip Paint Company, reciting indebtedness of such parties to the United States for withholding, income, and F.U.T.A. taxes, plus penalty and interest, and that it is the desire and intent of the Pilip Paint Company and Clem V. and Beulah Pilip to liquidate and pay said obligation as soon and expeditiously as possible, specifically authorizing the Bob Dow Realty Company as their attorney in fact to pay over to the District Director of Internal Revenue all rentals collected from properties at Anchorage, Alaska, in excess of 10% to be retained by said agent, which power of attorney was irrevocable. The execution of this instrument is not denied by plaintiff. It also appears that the Pilip Paint Company is the successor in interest to the Pilip and Butt Painting Contractors, Inc. By reason of this instrument such rents were properly collected by the Director and properly applied to the credit of these taxpayers.

 The defendants challenge the validity of the deed transferring the property to plaintiff and her husband as tenants by the entirety as being without consideration. No authority is indicated that any such deed requires a monetary consideration and, indeed, such transfer, under Sec. 22–1–6, A.C.L.A. may be purely voluntary. Defendants also raise the question that the deed was invalid as to them for the reason that it was not recorded until 1957. Under the law of Alaska an unrecorded conveyance is void only against a subsequent innocent purchaser in good faith and for a valuable consideration of the same property, and is otherwise valid as between the parties. Sec. 22–3–25, A.C.L.A.1949; Sturtevant v. Vogel, 9 Cir., 167 F. 448.

Plaintiff is entitled to summary judgment against the defendants requiring the District Director of Internal Revenue to account to her for all rents collected from the income of the property held by plaintiff and her husband as tenants by the entirety, as follows: first, to the joint obligations of Clem V. and Beulah Pilip, including any such rents credited to the Pilip Paint Company or the Pilip and Butt Painting Contractors, Inc.; second, one-half of the remainder to the separate tax obligations of Clem V. Pilip individually or doing business as the Clem Pilip Company; and third, the balance to be refunded to the plaintiff.

The receiver shall be required to apply the funds remaining in his hands, less his expenses and fees allowed, one-half to the District Director of Internal Revenue and one-half to the plaintiff. The receiver may render and file herein his final account, showing such distribution, to be approved by the Court upon the allowance of fees and expenses, whereupon he may be discharged as such.

In the event that there shall remain a deficiency of the tax obligations of Clem V. Pilip upon such accounting and the credits and distribution of the funds above specified, defendants may have summary judgment upon their counterclaim and third party claim, foreclosing the lien of such taxes remaining unpaid against the interest only of Clem V. Pilip in the property described in plaintiff's complaint, subject to the right of survivorship of Beulah Pilip in said property, including the income and profits therefrom.

Judgment may be entered in accordance with this opinion. Plaintiff will be allowed her costs, but no attorneys' fees may be allowed. Rule 54(d) F.R.Civ.P., 28 U.S.C.A.; Sec. 2412(b), Title 28 U.S.C.A.