Beulah PILIP, Plaintiff,

v.

UNITED STATES of America and William E. Frank, Director of Internal Revenue, Defendants and Third-Parties Plaintiff,

v.

Clem PILIP, Pilip and Butt Painting Contractors, Inc., and Clem Pilip Company, Third-Parties Defendant.

Civ. No. A-13585.

United States District Court
D. Alaska.

March 23, 1961.

George J. Toulouse, Jr., Wettrick, Flood, O'Brien, Toulouse & Lirhus, Seattle, Wash., Dorothy D. Tyner, Anchorage, Alaska, for plaintiff.

Merrell L. Andersen, and James R. Clouse, Jr., Asst. U. S. Attys., Anchorage, Alaska, for defendants and third-parties plaintiff.

HODGE, District Judge.

On September 14, 1960, this Court rendered an opinion granting a motion of plaintiff for summary judgment against the defendants, requiring the District Director of Internal Revenue to account to plaintiff for all rents collected from the income of the property held by plaintiff and her husband as tenants by the entirety, directing the disposition thereof, and ordering that judgment may be entered in accordance with such opinion (186 F. Supp. 397). After waiting some months and finding that no judgment had been presented, the Court called upon counsel for plaintiff to present such. Plaintiff now presents a "Memorandum Brief on Construction of Court's Opinion as to the Effect of Purported Power of Attorney," challenging the opinion of the Court with respect to a power of attorney executed by Beulah Pilip as attorney in fact for Clem V. and Beulah Pilip and the Pilip Paint Co. authorizing collection by the Department of Internal Revenue of certain of the income and withholding taxes involved from Clem and Beulah Pilip jointly and the Pilip Paint Co. (Opinion, at page 403). With such brief plaintiff

submits Findings of Fact and Conclusions of Law and Judgment contrary to the opinion of the Court with respect to this item, with which plaintiff is dissatisfied, but otherwise conforming to the judgment as ordered. Although plaintiff has not applied for rehearing and the Court finds this procedure most unusual, the position of the plaintiff will be reviewed.

The instrument involved is set forth in full in a footnote herein.[1]

1.  "Power of Attorney

"Know All Men by These Presents: That "Whereas, the Clem V. and Beulah Pilip and the Pilip Paint Company is the owner in fee of that certain real property known as 132 East 4th Avenue, and 104 East 10th Avenue, Anchorage, Alaska, more specifically described as follows: to-wit: (Also includes property located at 114 East 10th Avenue:

> 132 East 4th Avenue, more fully described as follows: West 25' of Lot 2, Block 114, Original Townsite
> 104 East 10th Avenue, more fully described as follows: Lot 22, Block 13, Third Addition
> 114 East 10th Avenue, more fully described as follows: Lot 20, Block 13, Third Addition

and,

"Whereas the Pilip Paint Company and Clem V. and Beulah Pilip are indebted to the United States of America in the sum of $154,919.40 for withholding, income and FUTA taxes, plus penalties and interest; and

"Whereas, the United States Government has properly and timely filed notices of tax liens 21947 and others in the office of the Recorder of Anchorage Precinct, Third Judicial Division, Anchorage, Alaska; and

"Whereas said liens constitute first and superior incumbrances on said property; and

"Whereas, it is the desire and intent of said Pilip Paint Company and Clem V. and Beulah Pilip, to liquidate and pay said Federal tax obligations as soon and expeditiously as possible; and

"Whereas, Bob Dow Realty Company is the duly appointed and qualified Attorney in Fact for said Pilip Paint Company and Clem V. and Beulah Pilip, and has specific authority to act in the premises,

"Now, Therefore, Pilip Paint Company and Clem V. and Beulah Pilip do hereby nominate and appoint Bob Dow Realty Company its duly authorized agent to act in its place and stead in the care and management of the above described property as hereinafter specifically set forth.

"Said agent is hereby specifically directed to maintain the entire premises; and to manage the rental units therein; to negotiate and execute the leases thereof, to collect all rentals from the second floor thereof; and to pay all ordinary and necessary expenses incurred in the maintenance and repair of said premises, including the payment of City and Territorial and School District taxes thereon.

"Said Agent is further directed to keep the premises continually insured against loss by fire with a reputable company and to pay the premiums thereon.

"Said Agent shall execute the above duties in a careful and prudent manner and exercise that degree of diligence required to substantially secure the largest possible return consistent with good business management.

"In Consideration Therefore, said Agent may retain 10% of the gross rentals collected from said second floor rental units; the one bedroom furnished home at 104 E. 10th Avenue; and, the home located at 114 East 10th Avenue, Anchorage, Alaska. Said Agent is hereby specifically directed to turn all the rest residue and remainder of said moneys collected, recovered or otherwise coming into their possession from said premises, over to the United States Government payable to the District Director of Internal Revenue, Box 1099, Anchorage, Alaska, and to receive said Directors Receipt therefore.

"This Power, being executed for the benefit of the United States of America and who has an interest herein, shall be irrevocable and shall continue until such time as the aforesaid Federal tax liabilities are paid in full.

> "The Pilip Paint Company and Clem V. and Beulah Pilip
> "By  /s/ Beulah Pilip
> "Attorney in Fact for Clem V. and Beulah Pilip and Pilip Paint Co.

"United States of America⎱
"Territory of Alaska        ⎰ ss.

"Beulah Pilip appeared before me on the 30th day of November 1955 at Anchorage, Alaska. I know her to be the person(s) described in and who executed the foregoing Power of Attorney. Beulah Pilip stated that she knew the contents thereof, and acknowledged the same to be her free and voluntary Act.

> "/s/ Constantine J. Occhipinti
> Notary Public for Alaska
> "My Commission expires January 7, 1956"

Plaintiff contends in substance that this instrument is not in truth and fact an irrevocable power; that there is "no evidence in the record" to support the proposition that Beulah Pilip as an attorney in fact could in any way delegate her agency to the Bob Dow Realty Co.; or that she was the agent or attorney in fact for Clem Pilip; that under the very terms of the power of attorney it was limited to the collection of rentals from the second floor of the property in question; that it is not a power of attorney, but a "limited delegation of agency"; that it does not by its terms in any way authorize the United States to apply any of the proceeds received from the agent Dow other than as provided by Title 26 U.S.C.A. § 6342; that the Pilip Paint Co. had no tax liability; that it was not the intention of plaintiff to have applied any of the monies to the tax liability of Pilip & Butt Painting Contractors; and that the instrument was revoked "the moment her (plaintiff's) debt to the United States was paid."

The instrument speaks for itself and needs no evidence to support it. By its terms plaintiff expressly authorized the Bob Dow Realty Co. to collect rentals from the property involved and pay such over to the United States, after retaining its commission, in settlement of the obligations of Clem V. and Beulah Pilip and the Pilip Paint Company for withholding, income, and FUTA taxes due the United States. No other construction can be placed upon it. There was no delegation of her agency to the Bob Dow Realty Co. The Court found that the Pilip Paint Co. is the successor in interest of the Pilip & Butt Painting Contractors, both of which were owned and controlled by Clem and Beulah Pilip jointly. The instrument was not revoked, either in fact or by operation of law, prior to payment of all tax obligations specified therein.

With respect to the provisions of Title 26 U.S.C.A. § 6342, relating to the application of the proceeds of a levy under the Internal Revenue laws, it should be observed that the joint tax obligations of Clem and Beulah Pilip and the Pilip Paint Co. and/or its predecessor the Pilip & Butt Painting Contractors, Inc., were fully paid by collections made pursuant to the questioned instrument prior to the levy made on the property on July 3, 1957 for the tax liability of Clem V. Pilip, of which plaintiff complains. The statute, therefore, has no application to such collections, but even if the statute does apply in this instance I can find no discrepancy between the method of application of the proceeds to specific tax liability on seized property specified by the statute and the distribution ordered by the Court.

Judgment is entered in accordance with the previous opinion of the Court, as submitted by defendants. No Findings of Fact and Conclusions of Law are required.