D. SHERMAN AND MAXINE M. COX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cox v. Commissioner
Docket No. 30187-91
United States Tax Court
T.C. Memo 1993-326; 1993 Tax Ct. Memo LEXIS 328; 66 T.C.M. (CCH) 192; July 22, 1993, Filed *328 An appropriate order granting partial summary judgment will be issued. For petitioners: John W. Schwartz, Jr. For respondent: Thomas C. Oswald. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter is assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182 [1] for purposes of ruling on respondent's Motion for Partial Summary Judgment and petitioners' Motion for Partial Summary Judgment. Our Rule 121 provides for partial summary judgment as to any issue when it is clear that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Accordingly, we review the cross motions, pleadings, and affidavits in support of the motions for purposes of determining from the facts whether this is an appropriate case for partial summary judgment. Respondent determined *329 a deficiency in petitioners' 1987 joint Federal income tax in the amount of $ 5,578. Petitioners resided at St. Louis, Missouri, when they timely filed their petition herein. Respondent, in support of her motion, argues that there is no genuine issue of material fact for trial and that the affidavit and exhibits support her motion for partial summary judgment. Petitioners agree that there are no factual issues. The undisputed facts are as follows. Petitioners, husband and wife, own certain property located at 2020 South Brentwood Boulevard, St. Louis, Missouri, (hereafter the Brentwood Boulevard property), which they purchased in November of 1980, and which they hold together as tenants by the entireties. Petitioner D. Sherman Cox, is an attorney at law in a sole proprietorship. D. Sherman Cox is the sole owner of his law practice (hereafter the law practice). He occupied and paid "rent" [2] of $ 18,000 to petitioners for the Brentwood Boulevard property during 1987. In earlier years, in addition to the law practice, the tenants included Security Trust Company. As a result of planned street widening on Brentwood Boulevard in 1986 and 1987, access to the building was either *330 curtailed or eliminated. Accordingly, Security Trust Company was asked to move on December 31, 1985. The law practice continued to occupy space, and in 1987 the law practice paid petitioners the sum of $ 18,000 in rent. Petitioners, in their joint 1987 return, reported receipt of the $ 18,000 in rental income on their Schedule E and also deducted mortgage interest on the same schedule. Petitioner D. Sherman Cox (hereafter petitioner) on his Schedule C which covered the law practice, reported the $ 18,000 rental payments he made to himself and his wife (petitioner calls this the marital community) as an expense of his law practice. Petitioners also reported the results of 28 other rental properties which they owned on the Schedule E to their 1987 return. Respondent disallowed the entire Schedule C rental expense of $ 18,000 because the payments were made for the use *331 of property to which petitioner D. Sherman Cox "has title and in which he has an equity interest". Respondent also deleted the corresponding rental income reported by petitioners on Schedule E. Summary judgment is intended to serve judicial economy through the avoidance of "unnecessary and expensive trials of phantom factual questions". Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Thus, a party can move under Rule 121 for partial summary judgment upon all or any part of the legal issues in controversy. Partial summary judgment may be rendered if the pleadings, and other acceptable materials, show that there is no genuine issue as to any material fact, and that a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). Both parties in the case at bar agree, through the cross-motions for partial summary judgment, that it is appropriate here. Respondent's argument for partial summary judgment is as follows: "In short, since the petitioners were merely making payments to themselves, they were improperly *332 reallocating income within the taxable unit for the sole purpose of deriving a tax benefit. * * * the petitioners are attempting to convert ordinary income to passive income to take advantage of what would otherwise be unused passive losses under I.R.C. sec. 469." [3]
*333 Petitioners, on the other hand, appear to be treating the tenancy by the entirety by which they hold the Brentwood Boulevard property as a separate legal entity with which the law practice can contract; in addition, they accuse respondent of ignoring the ownership rights of petitioner wife in the Brentwood Boulevard property. Section 162(a) provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including: "(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." Respondent has not argued that the rental amount is unreasonable, nor has she argued that it is not ordinary and necessary for the law practice to pay rent, nor has she argued that the relationship of the petitioners warrants special scrutiny. Her sole contention is that petitioner husband, holding an equity interest in the Brentwood Boulevard property, is not entitled under the statute to claim a deduction for rent. Thus, prior to proceeding further, *334 it appears essential first to determine the nature of petitioners' interest in the Brentwood Boulevard property. Petitioners' interest is a matter to be determined by the law of the State of Missouri, where the real property is located. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967). The Missouri Court of Appeals, in U.S. Fidelity and Guar. Co. v. Hiles, 670 S.W.2d 134, 137 (Mo. Ct. App. 1984) defined the nature of a tenancy by the entireties as follows: A tenancy by the entireties is created when a husband and wife acquire property so that the following four elements are present: (1) they take one and the same interest; (2) they take that interest by the same conveyance; (3) the interests commence at the same time; and (4) they hold by one and the same undivided possession. In re Estate of King v. Smith, 572 S.W.2d 200, 211 [Mo. App. 1978]. The distinctive characteristic of an estate by the entirety is that it is deemed to be owned by a single entity, the marital community. Each spouse is deemed to be seized of the whole, entitled to the use and enjoyment of the whole. *335 Upon the death of one spouse "the surviving spouse continues to hold the whole title because there is no one to share it -- not because of survivorship, which effects a change in the person only and not the estate." Id. (Citations omitted.) No unilateral act of one spouse can divest the other's interest, so that entirety property cannot be levied on to satisfy the individual debt of one spouse. [Hanebrink v. Tower Grove Bank & Trust Co., 321 S.W.2d 524 (Mo. App. 1959)].
Further, the Missouri Court of Appeals, in referring to an estate by the entirety has stated: There is only one moiety and each (both husband and wife) owns all of it, per tout et non per my. The charge of conversion is premised upon the assumption that a person wrongfully, that is, without right, asserts incidents of ownership over property which is not his. Under the fictional entirety estate, the husband owned and was entitled to possession of the very thing which he is charged with taking. Smith v. Smith, 300 S.W.2d 275, 282 (Mo. App. 1957). [Fn. refs. omitted.]
However, even though each party may have a right to possession *336 of the entire property, the Missouri Courts have held that this right cannot be exercised at the expense of the other marital community member. The Missouri Court of Appeals, in an accounting action regarding proceeds from a leasehold estate held in tenancy by entirety, held that the wife was required to account to the husband for the income she received from the leasehold interest, husband and wife each being entitled to one-half of the proceeds thereon. Rezabek v. Rezabek, 192 S.W. 107 (Mo. App. 1917). We accordingly conclude that under Missouri law the interest of petitioner wife in the Brentwood Boulevard property cannot be ignored, and that she is entitled to one-half of the rental proceeds therefrom. We have previously considered the treatment to be given to income arising from tenancy by the entirety. Thus, in Brennen v. Commissioner, 4 T.C. 1260 (1945), the taxpayer husband, and his wife, held ownership of coal underlying two tracts of land as well as shares of corporate stock, in tenancy by the entirety. They each filed individual income tax returns, reporting on each return one half of the proceeds from *337 the coal mining operations and dividends from the stock. Respondent determined that petitioner husband was liable for tax on all of the income reported. In considering the law of Pennsylvania in regard to tenancy by entirety, which is the same as that of Missouri, we held that the rents and profits of the coal lands, as well as the stock dividends, were taxable in equal shares to the taxpayer and his wife. Our opinion in Brennen v. Commissioner, supra, was in accord with our earlier opinion in Upthegrove v. Commissioner, 33 B.T.A. 952 (1936), where we held that income realized from a Missouri tenancy by the entirety was taxable one-half to the husband and one-half to the wife. We have also held to like effect in Saulsbury v. Commissioner, 27 B.T.A. 744 (1933) involving a Maryland tenancy by the entirety, Parsons v. Commissioner, 43 T.C. 378 (1964) (Maryland and Delaware tenancies by the entirety), Sandberg v. Commissioner, 8 T.C. 423 (1947) (Oregon), Green v. Commissioner, 7 T.C. 142 (1946) *338 (Michigan), and Colabella v. Commissioner, T.C. Memo. 1958-136 (New York). Further, the United States District Court for the Eastern District of Missouri, in Morgan v. Finnegan, 87 F.Supp. 274 (E.D. Mo. 1949), affd. 182 F.2d 649 (8th Cir. 1950), considered a taxpayer's contention that the income from realty owned by the taxpayer and his wife in an estate by the entirety, as to which the taxpayer and wife had orally agreed that the wife should take all such income, should all be taxable to the wife. The District Court, however, held that the income was includable one-half in the gross income of each. As the District Court stated in Morgan v. Finnegan, supra at 277: With this description of the estate in mind, to hold that the husband or wife may take the entire income from the property so held impresses us as doing violence to the unity of the interest in the property. It results in finding that the income is by law placed in a different status of ownership from that of the property. The 'one person with a dual body' fiction is destroyed. One person *339 in reality would get the income from property owned by two persons who by fiction of law represent one.
Respondent points out that in each of the above-cited cases, the taxpayers had filed separate returns and argues that, having made the choice to file a joint return, petitioners are not entitled to report any portion of the so-called rent as part of their income. Thus, respondent in her determination held that petitioners were not entitled to claim any portion of the $ 18,000 as rent. We think that both petitioners and respondent are incorrect in their treatment of this item. Both, we believe, have elevated form over reality. Our prior decisions have made it clear that as to any income realized from the Brentwood Boulevard property, a tenancy by the entirety, petitioners are each entitled to one-half. We see no reason why the marital relationship between petitioners should change our conclusion as a matter of law. Petitioner wife is entitled to one-half of the rental proceeds on the Brentwood Boulevard property, whether paid by an outsider or by the husband petitioner, and she is entitled to show this receipt as rent received on her return. It also follows that petitioner *340 husband, on his Schedule C reporting his trade or business as an attorney, is entitled to deduct one-half of the $ 18,000 as rent expense. He is not, however, entitled to deduct the remaining one-half under the specific provisions of section 162(a)(3) because of his equity interest therein. The language of section 162(a) we here consider, "of property to which the taxpayer has not taken or is not taking title or in which he has no equity", first appeared in the Revenue Act of 1936, ch. 690, section 23(a), 49 Stat. 1648, 1659. Neither the legislative history of the provision nor the income tax regulations to date provide any information or additional interpretation of the phrase. See, e.g., sec. 1.162-11, Income Tax Regs. This Court has never before had the specific issue in this case before us. We have held, however, where rental payments were made by outsiders, that each party in a tenancy by the entirety was entitled to report one-half of the proceeds thereon on separately filed returns. The issue, obviously, has previously arisen solely in the context of husband and wife filing separate returns, since prior to the enactment of section 469 regarding passive losses, the receipt *341 by the wife of income would be offset by the deduction for rent by the husband where joint returns were filed. Our holding accords with respondent's own revenue rulings. In Rev. Rul. 74-209, 1974-1 C.B. 46, respondent held that where a husband and wife held realty as joint tenants, and the husband utilized the property in his trade or business, the husband was entitled to deduct as a business expense in his separately filed income tax return the rent he paid to his wife for his use of her half of the real estate. Further, respondent has also held in Rev. Rul. 72-504, 1972-2 C.B. 90, where a partnership held an office building, that individual partners who leased portions of the building for business purposes, were entitled to deduct the amount of rents paid to the real estate partnership, provided that the entire amount of the rental deduction so taken was included in the rental income of the partnership. Respondent has recognized, in these two revenue rulings, that parties can deduct rentals paid on property in which they hold some equity interest. A common sense interpretation of section 162(a)(3) *342 is that taxpayers are not entitled to rental deductions to the extent of their own equity interests in the property. Respondent argues, however, that Rev. Rul. 74-209 (as well as all the cases we have cited above) is distinguishable from the situation at bar because it involved separate returns filed by husband and wife, rather than a joint return as here filed. At the hearing on the cross motions, respondent continued to emphasize that the fact that joint returns were filed by petitioners is determinative here, and that petitioners were attempting to reallocate income among one taxable unit in order to achieve a tax benefit under the passive loss limitations. Respondent has not, however, pointed us to any authority that the filing of a joint return somehow changes the basic tax nature of the items in question, and we simply believe that respondent is incorrect in her position. Petitioners, likewise, have failed to convince us that the marital community is an entity separate and apart from petitioner wife and petitioner husband. We hold that petitioner husband, because of his half interest in the proceeds from the tenancy by entirety, *343 may not deduct one-half of the amount he has paid as rent. He may, however, report and deduct as a rental expense of the law practice, the other half of the amount he paid. We also hold that one-half of the $ 18,000 is reportable as rental income on the joint return. To give effect to the foregoing, An appropriate order granting partial summary judgment will be issued. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We use this term for convenience and simplicity. Its use is not intended to imply any conclusion as to the character of the $ 18,000 payment.↩
3. Respondent, in her memorandum in support of her motion for partial summary judgment, explains the mathematics as follows: Sec. 469(a)↩, effective for tax years beginning after 1986, provides that expenses of rental activity, a "passive activity", may not be deducted from other types of income. There is, however, an exclusion to the nondeductibility provisions to the extent of $ 25,000. The exclusion, however, is reduced by 50 percent of the amount by which the adjusted gross income of the taxpayer exceeds $ 100,000. In the instant case, by deducting the $ 18,000 payment on Schedule C, modified adjusted gross income was reduced from $ 137,763 to $ 122,324. Thus, the reduction in adjusted gross income increased the amount of the passive losses claimed by petitioners by $ 7,719 ($ 137,763 less $ 122,324, times 50 percent equals $ 7,719). In addition, the inclusion of the $ 18,000 in passive rental income on the Schedule E offsets otherwise nondeductible passive losses.